301 So.2d 598 (1974)
STATE of Louisiana, Appellee,
v.
Robert Lee JACKSON, Appellant.
No. 54875.
Supreme Court of Louisiana.
October 11, 1974.
Rehearing Denied November 6, 1974.
*599 Murphy W. Bell, Director, R. Judge Eames, Staff Atty., Baton Rouge, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Bryan E. Bush, Jr., Asst. Dist. Atty., for appellee.
TATE, Justice.
The defendant Jackson was convicted of armed robbery, La.R.S. 14:64, and sentenced to twenty-five years at hard labor. He appeals, arguing eight perfected bills of exceptions. We do not find merit in any of them so we affirm.
The defendant's contentions are:
Bills Nos. 1 and 3:
The defendant argues that his motion to suppress should have been sustained and some evidence excluded from the trial. The argument of illegal search and seizure is grounded upon an allegedly insufficient affidavit used to procure the search warrant.
The affidavit contains first-hand positive identification of the defendant by a victim of a robbery and thus justifies issuance of a search warrant for his residence. Certain other statements in the affidavit may not sufficiently indicate the reliability of the informant and of the information furnished, as the defendant contends; nevertheless, disregarding them, the affidavit as a whole does provide a sufficient substantial basis by which the issuing magistrate could find reliable both the informant-victim and the information furnished by her. See State v. Paciera, 290 So.2d 681 (La.1974).
Bills Nos. 4 and 8:
The defendant attacks, as impermissibly suggestive, the pre-arrest photographic identification. It is contended that this influenced a post-arrest line-up identification, and that both identifications influenced the trial identification.
The evidence shows these contentions to be without factual basis. Both photographic identification and the physical line-up procedures were fair and were not suggestive. The victim of this robbery tentatively identified the defendant as one of his robbers when shown the ten photographs, but said he would prefer to see him in person. At the physical line-up, the victim positively identified the defendant.
The pre-arrest tentative identification from the ten photographs was during the investigative phase and was made without suggestion by the police that one of the persons had committed the crime. These circumstances, as well as the general fairness of the procedures here utilized, distinguished the present from the impermissibly suggestive photographic showup which caused reversal in State v. Wallace, 285 So.2d 796 (La.1973).
Further, under the totality of the circumstances, the identification was reliable, and the record as a whole reflects no substantial likelihood of misidentification. Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).
Bill No. 5:
The defendant objected to an allegation in the opening statement, and he moved for a mistrial because of the allegedly prejudicial nature of the remark. The prosecutor had explained that the state charged that the defendant and three other black males had entered the apartment of the victim and committed the robbery.
The bill is without merit. The factual explanation of the circumstances of the robbery did not in context appeal to racial prejudice. It was not of the nature prohibited by La.C.Cr.P. arts. 770, 774.
*600 Bill Nos. 4 and 8:
The most serious bill of this appeal is raised by the denial of a mistrial when a police officer, in reply to a question by the state, explained how he had determined the address of the defendant in order to make the search of his residence: that is, "through our investigationthrough our criminal records, and through prior reports in other offices, such as the Juvenile Office." As the defendant urges, this constituted an improper reference to the defendant's prior arrest and juvenile record. However, upon the motion for mistrial, the jury was immediately retired by the trial court. The prosecutor and the officer were cautioned by it to avoid bringing this type of information before the jury. The defendant was permitted to perfect his bill out of its presence.
Both the question and the answer appear to be innocent of any intent to bring inadmissible, prejudicial evidence before the jury. The question had a relevant and proper purpose. When the jury returned, the trial court admonished the jury to disregard any inference of any criminal activity on the part of the accused and strongly cautioned that the only issue before them was whether the defendant was guilty of the particular crime charged.
We have held than an inadvertent, unplanned response by a police officer referring to prohibited matters does not require a mandatory mistrial, as it might if made by court officials. La.C.Cr.P. art. 770(2); State v. Tytus, 256 La. 962, 240 So.2d 723 (1970). A mistrial is not necessarily required, if an admonition is sufficient to assure the defendant a fair trial. La.C.Cr.P. art. 771.
The present case falls under the latter article. We think the trial court's prompt corrective action and admonition was sufficient to avoid undue prejudice. We find no reversible error.
Bills Nos. 9 and 10:
The motion for a new trial was properly denied. The state's case presented evidence of the defendant's guilt.
The motion in arrest of judgment is not based upon any of the allowable grounds therefor. See La.C.Cr.P. art. 859 (1968). Insofar as it is founded upon an alleged erroneous instruction of the jury by the trial court, no objection was made to such instruction at the time it was given (so as possibly to afford the court an opportunity to change it to meet the objection). Therefore, the suggested error cannot now be raised, as any objection to it was waived. La.C.Cr.P. art. 841.

Decree
For the reasons assigned, we affirm the conviction and sentence.
Affirmed.