SAVOIE, Judge.
Defendant, David Lee Alfred, and Clarence Sullivan were charged by bill of information with armed robbery, a violation of LSA-R.S. 14:64. They both pled not guilty and, after trial by jury, were convicted as charged. The trial court subsequently sentenced each to serve ninety-nine years at hard labor without benefit of probation, parole or suspension of sentence. Defendant, David Lee Alfred, was granted an out-of-time appeal from his conviction and sentence and now urges three assignments of error, as follows:
1. After viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found each element of the crime of armed robbery proven beyond a reasonable doubt.
2. The trial court erred in imposing a sentence which is excessive and illegal and which constitutes cruel and unusual punishment.
3. The trial court erred in allowing the defendant to appear in prison clothes, handcuffed and in leg shackles throughout the duration of his trial, while in the presence of the jury.
FACTS
At approximately 9:00 a.m. on November 14,1972, nine people left Mary Bell’s house in Weyanoke, Louisiana, to pick pecans in her pecan orchard. When they returned at approximately 12:30 p.m., two men were at the house. These men were identified at trial as defendant and Clarence Sullivan. Each man had a 12-gauge shotgun, obtained from inside the residence. They also allegedly cooked and ate some food while inside the house.
Defendant and Sullivan forced everyone into the house. They tied the hands of eight of the people with rope. They did not tie up Mary Wilson, an elderly woman, leaving her free to later untie the others. She was ordered not to turn them loose until an hour and a half after the men left.
Before leaving, defendant and Sullivan allegedly pointed their guns at Mary Bell and forced her to give them the keys to her car. One of the men told' her he would send her back the money for the car. They also allegedly took $30.00 from Mary Bell’s purse. The men then left in the car.
That afternoon, Deputy Sheriff Thomas Harris, Jr., received a call about a stolen white 1964 Chevrolet. He soon spotted the car and gave chase. The stolen car sped away down a gravel road. While trying to maneuver a curve at high speed, the car turned over. Defendant was apprehended in the car, but Sullivan ran away. He was apprehended the next day in some nearby woods. Both defendant and Sullivan were escapees from the Louisiana State Penitentiary at Angola.
Clarence Sullivan took the stand in his own defense at trial. He said that Mary Bell gave them the car voluntarily and even gave them directions because they were unfamiliar with the roads in the area. Mary Bell allegedly gave them $48.00 because there was not much gas in the car. Sullivan stated that someone in the house cooked food for him and gave him permission to use the telephone. He did not deny taking the car but stated that he did not rob anyone since the lady gave him the car voluntarily.
SUFFICIENCY OF EVIDENCE
In assignment of error number one, defendant contends that, after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found each element of the crime of *95 armed robbery beyond a reasonable doubt. Specifically, he argues that the state failed to show that defendant had a specific intent to permanently deprive the victim of her automobile. Defendant contends that they merely took the car to further their escape from prison and intended to abandon it later and get another car. He argues that they thought that the police would find the car after its abandonment and return it to its owner.
We note initially that the appropriate procedural vehicle for urging sufficiency of the evidence is by motion for post-verdict judgment of acquittal. See LSA-C. Cr.P. art. 821; State v. Korman, 439 So.2d 1099, 1101 (La.App. 1st Cir.1983). However, we will review sufficiency of the evidence when raised by formal assignment of error.
On review of the sufficiency of the evidence to support a criminal conviction, it must be determined whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the defendant committed the essential elements of the crime beyond a reasonable doubt. LSA-C.Cr.P. art. 821; Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
At the time the offense was committed, LSA-R.S. 14:64 defined armed robbery as follows:
Armed robbery is the theft of any thing of value belonging to another from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.[1]
LSA-R.S. 14:67 defines theft as:
Theft is the misappropriation or taking of any thing of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct,
practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential. [Emphasis added.]
An essential element of the crime of theft is a specific intent to permanently deprive the victim of his property. Since armed robbery is a species of theft, the state must show that the defendant had the intent necessary for the offense of theft. State v. Bruins, 407 So.2d 685 (La. 1981). Although intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction and the actions of defendant. LSA-R.S. 15:445. Specific intent is an ultimate legal conclusion to be resolved by the trier of fact. State v. Antoine, 444 So.2d 334 (La.App. 1st Cir.1983).
We conclude that there was ample evidence from which the jury could conclude under the circumstances of this case that defendant intended to permanently deprive Mrs. Bell of her automobile. Four eyewitnesses, including the victim, testified that defendant and Sullivan held their guns on Mary Bell and ordered her to give them the keys to the car. Since defendant and Sullivan were escapees from prison, it is certainly reasonable to infer that, had they not been apprehended so quickly, they would have travelled a much greater distance in the stolen vehicle. Viewing the evidence in the light most favorable to the prosecution, it is not reasonable to infer that, at the time of the taking, defendant ever intended to return the automobile to Mrs. Bell. Rather, we must conclude that defendant was totally indifferent as to whether or not the owner ever recovered the property. The fact that defendant may have subsequently decided to abandon the vehicle, perhaps to avoid detection, does not detract from his initial intent to deprive permanently. State v. Eason, 460 So.2d *96 1139 (La.App. 2d Cir.1984), writ denied, 463 So.2d 1317 (La.1985).
We find that the verdict of guilty of armed robbery is clearly supported by the evidence in this case. This assignment of error is without merit.
DEFENDANT’S APPEARANCE IN PRISON CLOTHES, HANDCUFFS AND SHACKLES
In his third assignment of error, defendant contends that the trial court erred in allowing defendant to appear before the jury in prison clothes, handcuffs and shackles. Defendant argues that his presence, as such, before the jury prejudiced his case by tainting his presumption of innocence to the crime charged by depicting him as a criminal.
Ordinarily, a defendant before the court should not be shackled or handcuffed or garbed in any manner destructive of the presumption of his innocence and of the dignity and impartiality of judicial proceedings. However, exceptional circumstances may require, within the discretion of the trial court, the restraint of the prisoner for reasons of courtroom security or order or where the prisoner’s past conduct reasonably justifies apprehension that he may attempt to escape. If the handcuffing is objected to at the time of trial, for a finding of reversible error the record must show an abuse of the trial court’s reasonable discretion resulting in clear prejudice to the accused. State v. Wilkerson, 403 So.2d 652 (La.1981).
In the instant case, defendant failed to make an objection to the court as to being tried in prison garb, handcuffs and shackles. We will not consider an objection raised for the first time on appeal, for the reason that any such objection should first be made in the trial court in order that the court be presented with the opportunity to correct any such error. LSA-C.Cr.P. art. 841; State v. Skipper, 387 So.2d 592 (La.1980).
In any event, a reversal of this case on the grounds stated in this assignment is unwarranted. On the record before us, there is no showing that the use of restraints or the clothing in prison attire prej-udicially affected the accused. There is no evidence that the jury was influenced by the same, nor that they could not render a fair and impartial verdict based on the evidence presented. The fact that defendant was a prison escapee at the time of the commission of this offense would certainly suggest that some security measures were in order. Moreover, the jury was fully aware that defendant was an escapee and was serving a sentence for another crime. His prison attire could be easily attributed to that fact.
This assignment is without merit.
EXCESSIVE SENTENCE
By his second assignment of error, defendant argues that the trial court erred in imposing an excessive and illegal sentence. It is his contention that the sentence, the maximum penalty allowed for armed robbery, constitutes cruel and unusual punishment.
Article I, Section 20, of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant’s constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). Louisiana Code of Criminal Procedure Article 894.1 provides appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives. State v. Sepulvado, supra at 769.
In the case before us the trial court imposed the maximum sentence of ninety-nine years at hard labor without benefit of probation, parole, or suspension of sentence upon conviction of the crime of armed robbery. Defendant did not object on grounds of excessiveness. Furthermore, because sentencing took place on May 11, 1973, before passage of Act 635 of 1977 (adding LSA-C.Cr.P. art. 894.1), there was *97 no obligation on the part of the trial court to “state for the record the considerations taken into account and the factual basis therefor in imposing sentence” and no corresponding opportunity on the part of defendant to complain of lack of articulation. Defendant did, however, specifically assign as error in this Court that the ninety-nine year sentence was excessive. This assignment of error is sufficient to preserve the issue of excessiveness for appellate review. See State v. Cox, 369 So.2d 118 (La.1979).
Since defendant’s maximum sentence for armed robbery was imposed in this case before adoption of Article 894.1, there was obviously no compliance with the article. The transcript of the sentencing hearing reveals only that the trial court considered the serious nature of the case, the fact that Sullivan and defendant escaped from the penitentiary and terrorized the neighborhood, and that Sullivan’s age was 36 and defendant’s age was 25. There is not even a presentence investigation report that would show us the defendant’s record, his family situation, the reason he was incarcerated in the first place nor the length of the sentence. Our review of this maximum sentence is hampered by lack of a more adequate Article 894.1 articulation of reasons or some equivalent. We prefer to consider defendant’s complaint of exces-siveness in light of a more complete record. See State v. Terriault, 369 So.2d 125 (La. 1979).
Accordingly, while we affirm defendant’s conviction, we find it necessary to vacate and set aside the ninety-nine year sentence for armed robbery and remand the case to the district court for re-sentencing and compliance with LSA-C.Cr.P. art. 894.1.
AFFIRMED IN PART AND REMANDED.
LeBLANC, J., dissents.

. Act No. 70 of 1983 amended LSA-R.S. 14:64(A) to read as follows:
Armed robbery
A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
We note that under the new amendment a theft, i.e., taking of the property of another with intent to deprive permanently, is no longer required. A mere "taking” will suffice.