515 So.2d 1134 (1987)
STATE of Louisiana ex rel. Joe COCKERHAM
v.
Hilton BUTLER, (Warden) Louisiana State Penitentiary.
No. 87-KH-678.
Court of Appeal of Louisiana, Fifth Circuit.
November 9, 1987.
*1135 Joe Cockerham, in pro. per.
Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for Butler.
Before GRISBAUM, DUFRESNE and GOTHARD, JJ.

ON WRIT OF REVIEW
DUFRESNE, Judge.
Relator seeks review of the judgment of the trial court denying his Application for Post-Conviction Relief in which he had asserted the following claims for relief:
1.) Improper use of a prior criminal charge to impeach the credibility of the defendant;
2.) Denial of defendant's Sixth Amendment, right to confront his accusers;
3.) Denial of defendant's Constitutional Rights when the jury observed him "handcuffed" in the courtroom; and
4.) Ineffective assistance of counsel.
The relator and a co-defendant were originally charged by bill of information with five counts of armed robbery. Each was tried separately. The relator was found guilty as charged on the five counts and was sentenced to ninety-nine years at hard labor without benefit of parole, probation or suspension of sentence for each conviction, with the sentence for counts one, three, four and five to be served concurrently and the sentence for count two to be served consecutively. The conviction and sentence were affirmed on appeal. See State v. Cockerham, 496 So.2d 1194 (La. App. 5th Cir.1986).
In this application the relator argues no specific allegations of error concerning the trial judge's ruling, rather he presents the same claims he filed in the district court, apparently for reconsideration.
CLAIM ONE
A review of the record reflects that when the relator took the stand at trial, he testified that he had two prior burglary convictions, one involving a bike (which may be a theft charge) and one involving a burglary *1136 at a Security Sporting Goods Store. On cross examination, the relator revealed that he had a third conviction for a 1975 burglary involving the residence of Percy Butler. When the relator admitted that he pled guilty to simple burglary, the state asked the defendant if he was originally charged with aggravated burglary. The relator's counsel objected and a lengthy bench conference ensued, at the close of which the court ruled that although the state could not use the indictment, it could inquire into the facts behind the charge. The state asked the relator whether he had a pistol, which the relator denied and also what he was originally charged with, to which the defendant replied simple burglary. During this questioning, the relator's counsel did not request that the trial judge admonish the jury nor did he ask for a mistrial.
The relator now alleges that the State's questioning was in violation of R.S. 15:495 and C.Cr.P. art. 770(2).
R.S. 15:495 provides:
Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein.
In State v. Neslo, 433 So.2d 73, 83 (La. 1983) the state was allowed to introduce evidence that the defendant had originally been charged with armed robbery when it used his simple robbery conviction to impeach.
On review, the appellate court found no error. The court initially noted that details of prior convictions could be used to impeach defendants testifying in their own behalf. See State v. Jackson, 301 So.2d 598 (La.1974). However, because there is a danger of prejudice to a defendant that may result from placing evidence of bad acts before the jury, limits have been placed on a Jackson, supra cross-examination. The extent to which an inquiry into prior convictions may be conducted depends on the facts of each case, with great discretion placed in the trial court to control the length and depth of the examination.
Here the state asked if the defendant had been charged with armed robbery; the defendant's counsel objected. After a bench conference where the trial court said the state could not use the fact that the defendant was charged with armed robbery, the state inquired whether the defendant had used a pistol in the crime at issue, the defendant replied "no". The state began questioning the defendant concerning his other convictions.
We find no error in the state's questioning.
Likewise, when the objection was sustained, the defendant did not request either an admonition or a mistrial. "[T]he failure to lodge either of these requests in a manner which would timely allow the trial judge to cure the alleged defect precludes the defendant from raising the issue on appeal." State v. Johnson, 443 So.2d 766, 770 (La.App. 3rd Cir.1983) writ denied 445 So.2d 451 (La.1984).
This claim lacks merit.
CLAIM TWO
In this claim, the relator alleges that he was denied his right of confrontation because his co-defendant's confession was used at trial without allowing him the opportunity to cross-examine the co-defendant. However, a review of the record reflects that the co-defendant's confession was not introduced at trial.
Detective LeBlanc testified in court concerning the statements obtained from the co-defendant. These statements were not hearsay evidence.
Hearsay evidence is testimony in court, or written evidence, of a statement made out of court, the statement being offered *1137 as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter. State v. Feeback, 414 So. 2d 1229 (La.1982); State v. Parker, 506 So.2d 675 (La.App. 5th Cir.1987).
Hearsay evidence is inadmissible in a criminal trial, unless it fits within one of the specifically designated exceptions. L.R.S. 15:434.
"The traditional exclusion of hearsay in jury trial is based upon consideration of unreliability and a potential unfairness to an accused to permit into evidence damaging out-of-court statements which cannot be tested as to their basis in fact, or by cross-examination of the out-of-court declarant." State v. Arnold, 367 So.2d 324, 326 (La.1979).
Evidence is not hearsay, and is admissible, if it is introduced to show only that the utterance occurred or that the conversation took place, rather than to show the truth of the matter asserted. State v. Ratcliff, 416 So.2d 528 (La.1982).
In this case, the statements made by the co-defendant were used to show probable cause for the defendant's arrest, and not for the truth asserted therein. Compare State v. Drew, 360 So.2d 500 (La.1978) and State v. Parker, supra. Because the co-defendant's statements were not offered for the truth of the matter asserted, and therefore did not need to be tested for their veracity, the defendant's right of confrontation was not abridged.
This claim lacks merit.
CLAIM THREE
When the jury was brought into court on the first day of trial, the relator was in the jury box, in handcuffs. Counsel made a motion for mistrial, which was denied. In reviewing this claim in his application, the court said:
Defendant contends that he was denied his constitutional rights when the jury observed him "handcuffed" in the court room. The record indicates that defense counsel made a Motion for Mistrial alleging that the prospective jurors, when initially brought into the court room, may have seen the defendant "handcuffed". The motion was denied by the trial judge. The trial judge stated that the defendant testified that he had been in jail since July; therefore, he did not feel the defendant was prejudiced. The trial judge further stated he had no knowledge, other than defense counsel's representation, that the defendant was in fact "handcuffed" when the prospective jurors were initially brought into the court room. Under the circumstances, this court finds that the possibility that the prospective jurors may have seen the defendant "handcuffed" does not appear to have unduly prejudiced the defendant.
A defendant should not be brought before a court shackled, handcuffed or garbed in any manner which would be destructive of the presumption of his innocence and of the dignity and impartiality of judicial proceedings. State v. Wilkerson, 403 So.2d 652 (La.1981); State v. Alfred, 510 So.2d 93 (La.App. 1st Cir. 1987); State v. McCarter, 469 So.2d 277 (La.App. 2nd Cir.1985). However, the mere fact that the defendant appeared in handcuffs before a jury does not, in and of itself, constitute a basis for reversal of his conviction. State v. Vizena, 454 So.2d 1291 (La.App. 3rd Cir.1984). The record must reflect that clear prejudice to the accused occurred to the extent that reversal is warranted. State v. Rome, 432 So.2d 207 (La.1983); State v. McCarter, supra; State v. Vizena, supra.
Here, given the evidence presented at trial, including identification of the defendant by three of his victims, it is unlikely that any glimpse the jury may have had of the defendant in handcuffs influenced their decision.
This claim lacks merit.
CLAIM FOUR
The basis for relator's contention that this appellate counsel was ineffective is counsel's failure to argue in appellate brief four assignments of error which had been filed. The trial court, in finding this claim to be without merit, stated:
As the Fifth Circuit Court of Appeal observed in State v. Foley, 448 So.2d 731, 733 (La.App. 5th Cir.1984):

*1138 "The function of the court-appointed counsel is not to create rights for an accused; but rather, to advocate the facts favorable to a defendant's opposition and to assert and/or protect those rights granted to the accused by our constitutions and statutory law. As designated by its name `brief', the document filed by counsel is intended to be a precise and to the point recitation of his client's position under the applicable facts and circumstances of the case. Its purpose is not to raise irrelevant issues and law."
This court finds that appellate counsel briefed the relevant issue regarding defendant's sentence while avoiding irrelevant issues. The court further mentions that the issues assigned as error by appellate counsel, and later abandoned, are the identical issues presented to the court in the instant application and found to be without merit. Accordingly, the court finds this claim without merit.
We find no error in the trial court's determination.
A defendant's claim of ineffective assistance of counsel is assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La. 1984). Utilizing the Strickland test, for a convicted defendant's claim of ineffective assistance of counsel to have merit, the defendant and that the deficiency prejudiced the defendant. Counsel's performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Strickland, supra 104 S.Ct. at 2064. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive the defendant of a fair trial, whose result is reliable. Strickland, supra, 104 S.Ct. at 2064. The defendant must make both showings in order to prove that counsel was so ineffective as to require reversal.
In Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) the Supreme Court, by implication, appeared to adopt the Strickland, standard as a measure in determining effectiveness of appellate counsel when it concluded that the rights to counsel on appeal is the right to effective assistance of counsel.
The attorney need not advance every argument regardless of merit, urged by appellant, but the attorney must be available to assist in preparing and submitting a brief to the appellate court, and must play the role of an active advocate, rather than a mere friend of the court assisting in a detached evaluation of the appellant claim.
Id. 105 S.Ct. at 835
Here, as we noted by the trial court, the assignments which the defendant alleges should have been argued are without merit and therefore the result of his appeal would not have been different had counsel argued these assignments. Thus, the relator has not made the requisite showing to support a claim of ineffective assistance of counsel.
This claim has no merit.
For the foregoing reasons, we find no error in the judgment of the trial court. The relator's claims are without merit.
Accordingly, the judgment of the trial court denying the relator's Application for Post Conviction Relief is affirmed and application for relief to this court is denied.