525 So.2d 1094 (1988)
STATE of Louisiana, Appellee,
v.
Loyd L. McMELLON, Appellant.
No. CR 87-1055.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1988.
Rehearing Denied June 9, 1988.
Linda Veasey, Public Defender, Abbeville, for appellant.
J. Stansbury, L. Garrot, Dist. Atty.'s Office, Lafayette, for appellee.
Before FORET, LABORDE and Reggie[*], JJ.
FORET, Judge.
Appellant, Loyd McMellon, was charged by bill of information with driving while intoxicated, third offense, a violation of La.R.S. 14:98. He was found guilty as charged by a six-person jury and sentenced to five years at hard labor, with the first *1095 six months to be served without probation, parole, or suspension of sentence.
In the early morning hours of November 16, 1984, two Abbeville police officers observed a vehicle make an illegal turn across the right lane of traffic from the center lane on a four-lane highway. The officers turned on the flashing lights of the police unit in an effort to stop the vehicle, but the driver sought to elude them by speeding away, running through a stop sign and a flashing red light. Upon observing the vehicle speeding through the blinking light at a speed of over sixty miles per hour and pursued closely by the local police unit, a state police officer also engaged in the attempt to stop the vehicle. The vehicle was stopped a short time later and appellant was identified as the driver.
Upon exiting from his vehicle, appellant was swaying, had slurred speech, and a strong odor of alcohol on his breath. He was also hostile and combative. He was placed under arrest and transported to the local police station. Although appellant refused to submit to a breath test, he voluntarily answered police questions. He admitted to consuming "a bunch" of alcohol that night during visits to three separate lounges and acknowledged that he was intoxicated.

ASSIGNMENT OF ERROR NO. 1
By this assignment of error, appellant contends that the evidence introduced to establish his second DWI conviction was legally defective. More particularly, appellant argues that his guilty plea in that case (2nd offense DWI) is invalid because the trial judge failed to inform him of the sentence which could be imposed on a third conviction. Appellant also asserts error in the trial judge's failure to inform him of the availability of appointed counsel to indigents on appeal.
At trial, the State introduced the testimony of the arresting officers to establish that appellant operated a vehicle while intoxicated. To prove the predicate driving while intoxicated conviction, the State introduced certified copies of the citation, bill of information and minutes of appellant's September 8, 1981 conviction in Ouachita Parish. In establishing the second predicate conviction, the State introduced certified copies of the citation, bill of information[1], minutes, plea of guilty form, and the transcript of the guilty plea of January 27, 1984 in Vermilion Parish.
Appellant argues that the conviction based on the guilty plea could not be used for enhancement purposes because he was inadequately advised of the possibility of an enhanced penalty on any subsequent conviction. Appellant likewise alleges the plea to be invalid because, although he was advised of his right to appeal a guilty verdict, he was not informed by the trial judge of the availability of an appointed counsel to indigents.
Appellant's expansive reading of the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), has been consistently rejected by Louisiana courts. Before a guilty plea can be used to enhance a penalty under La.R.S. 14:98, the record must affirmatively show an express and knowing waiver of: (1) the privilege against self-incrimination; (2) the right to confront accusers; and (3) the right to trial by jury, where applicable. State v. Jones, 404 So.2d 1192 (La.1981).
The scope of Boykin does not mandate that the trial judge advise the defendant that the guilty plea conviction may later serve as a basis for an enhanced penalty upon a subsequent conviction. State v. Nuccio, 454 So.2d 93 (La.1984); State v. Myers, 503 So.2d 1085 (La.App. 2 Cir.1987). Nor is the trial court required to inform the defendant of his right to appointed counsel on appeal before accepting a guilty plea. State v. Donahue, 408 So.2d 1262 (La.1982).
Appellant does not contend that he was inadequately advised of the three-right *1096 articulation mandated by Jones, supra. It should also be noted that the guilty plea form signed by appellant contained clauses advising of the availability of enhanced penalties upon subsequent convictions and the right to appointed counsel on appeal if indigent. Furthermore, during the colloquy, the trial judge advised appellant that the guilty plea waived the right to appeal and also informed him of the statutory penalties for subsequent driving while intoxicated convictions. Accordingly, we affirm the trial judge's decision to uphold the January 27, 1984 guilty plea and we find that the trial judge did not err in denying appellant's motions seeking to nullify the effect of the guilty plea.

ASSIGNMENT OF ERROR NO. 2
By this assignment of error, appellant argues that the trial judge erred in failing to grant a mistrial on the grounds that the jury was allowed to witness appellant in shackles. Appellant also contends that the trial court erred in forbidding questioning of a juror as to whether she witnessed appellant in shackles after jury selection and prior to trial.
Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for defendant to obtain a fair trial. La.C.Cr.P. art. 775. As mistrial is a drastic remedy, it shall only be declared when the disputed conduct unnecessarily prejudices the defendant. The determination to grant a mistrial lies within the sound discretion of the trial judge. State v. Smith, 430 So.2d 31 (La.1983); State v. Ware, 478 So. 2d 790 (La.App. 3 Cir.1985).
Ordinarily, the trial court shall seek to prevent an accused from being viewed shackled, handcuffed, or attired in any manner which is destructive of the presumption of innocence and of the dignity and impartiality of judicial proceedings. State v. Wilkerson, 403 So.2d 652 (La. 1981). To constitute reversible error, the record must show an abuse of the trial judge's discretion in denying the motion for mistrial, which abuse resulted in clear prejudice to the defendant. State v. Wilkerson, supra; State v. Ware, supra.
In the present case, appellant was never handcuffed or shackled within the courtroom. However, he was placed in restraints during a lunch break and placed in a waiting room. During jury selection, each prospective juror acknowledged that the appellant was presumed innocent until proven guilty by the State. Assuming the jurors may have viewed appellant shackled during the lunch break, there is no showing of prejudice to appellant.
The momentary use of shackles for the limited purposes of transporting an accused does not mandate a mistrial. State v. Wilkerson, supra; State v. Ware, supra. In a recent case under analogous facts, the court in State v. Jasper, 506 So.2d 211 (La.App. 5 Cir.1987), found no error in the trial court's denial of a motion for mistrial. In Jasper, defendant was transported into the courtroom in handcuffs as the jurors were returning from lunch break. In denying defendant's claim of reversible error, the court stated:
"In any case, the defendant was not handcuffed during trial. He was handcuffed solely for purposes of transport to and from the courtroom. Under the circumstances, the possibility a juror may have seen the defendant in handcuffs does not appear to have so prejudiced the defendant as to warrant relief on appeal."

State v. Jasper, supra, at 213.
The evidence in the instant case against appellant was overwhelming and included an admission by the accused. Any error which may have occurred by a juror viewing appellant in shackles appears to be harmless. Therefore, this assignment of error is without merit.
Finding each assignment of error to be without merit, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[*] Judge Edmund M. Reggie, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] Although appellant was charged and pleaded guilty to driving while intoxicated, first offense in the case, that conviction may be used as a second predicate offense in the instant case. Appellant need not have been adjudicated a second offender to be tried as a third offender. State v. Benoit, 363 So2d 656 (La.1978).