630 So.2d 1365 (1994)
STATE of Louisiana, Appellee,
v.
Billy Ray CLEVELAND, Appellant.
No. 25628-KA.
Court of Appeal of Louisiana, Second Circuit.
January 19, 1994.
*1367 Louis Scott, Monroe, for defendant-appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Jerry L. Jones, Dist. Atty., Doug Haynes, Asst. Dist. Atty., Monroe, for appellee.
Before MARVIN, LINDSAY and HIGHTOWER, JJ.
LINDSAY, Judge.
The defendant, Billy Ray Cleveland, appeals his conviction for forcible rape. We affirm.

FACTS
On May 23, 1992, the defendant returned home after a trip with his wife. While they were away, the wife's eight-year-old son (the defendant's stepson) was caught attempting to engage in sexual activity with a neighbor's child. When questioned about the incident, the eight-year-old stated that he had been doing what the defendant did to him. The boy told his mother that on one occasion when he was left alone at home with the defendant, the defendant made him watch an "X-rated" video tape. The defendant then forcibly engaged in anal intercourse with the child.
The child's mother took him to a hospital where he was examined for evidence of sexual abuse. At the direction of a social worker, the child was later taken to Dr. Meade O'Boyle, a pediatrician who frequently conducts examinations on children for suspected sexual abuse. Dr. O'Boyle determined that the child had an anal scar which indicated that he had been sexually abused.
The defendant was arrested and charged by grand jury indictment with the aggravated rape of his stepson. The defendant was tried by jury and convicted of forcible rape. He was sentenced to serve 13 years at hard labor, without benefit of parole, probation or suspension of sentence.
The defendant has appealed his conviction. On appeal, the defendant contends that the trial court erred in failing to grant a continuance after the indictment was amended, that the trial court erred in refusing to grant a *1368 mistrial after some members of the jury saw the defendant in prison clothes and shackles and that the trial court gave an incorrect jury charge regarding reasonable doubt.

MOTION FOR CONTINUANCE
The defendant claims that the trial court erred in allowing the indictment against him to be amended without granting a continuance. The original indictment against the defendant set forth that the alleged offense occurred between May 1, 1992 and May 23, 1992. On September 18, 1992, the indictment was amended to provide that the offense occurred between March 1 and May 23, 1992. On October 19, 1992, the date the trial was scheduled to begin, the defendant moved for a continuance, arguing that the amendment of the dates in the indictment to include two additional months was prejudicial in that he was not prepared to present a defense regarding his whereabouts during this additional time period. Defense counsel argued that, even though the amended indictment had been filed September 18, 1992, he was not aware of the change until one week before trial. Defense counsel stated that he had been engaged in a judicial race and had been handling trial matters for other clients and therefore was not prepared to deal with the additional times listed in the amended indictment.
The trial court denied the motion for continuance. The defendant has appealed this ruling arguing that a continuance was necessary to establish an alibi defense for the additional time period specified in the amended indictment. This argument is meritless.
LSA-C.Cr.P. Art. 487 provides in pertinent part:
A. An indictment that charges an offense in accordance with the provisions of this Title shall not be invalid or insufficient because of any defect or imperfection in, or omission of, any matter of form only, or because of any miswriting, misspelling or improper English, or because of the use of any sign, symbol, figure, or abbreviation or because any similar defect, imperfection, omission, or uncertainty exists therein. The court may at any time cause the indictment to be amended in respect to any such formal defect, imperfection, omission or uncertainty.
The defendant was charged with aggravated rape. The actual date the offense is alleged to have occurred is not an essential element of the offense. State v. Taylor, 525 So.2d 1118 (La.App. 5th Cir. 1988), writ denied, 536 So.2d 1212 (La.1989). When the date is not an essential element of the offense charged, a mistake respecting the date on which the offense occurred is only a defect of form which may be corrected at any time with leave of court. State v. Ayres, 509 So.2d 763 (La.App.2d Cir.1987); State v. McCoy, 337 So.2d 192 (La.1976). In the event an indictment is so amended, the proper remedy is not a mistrial. If the defendant is prejudiced by the amendment, a continuance may be granted. State v. Taylor, supra.
LSA-C.Cr.P. Art. 489 provides:
If it is shown, on motion of the defendant, that the defendant has been prejudiced in his defense on the merits by the defect, imperfection, omission, uncertainty, or variance, with respect to which an amendment is made, the court shall grant a continuance for a reasonable time. In determining whether the defendant has been prejudiced in his defense upon the merits, the court shall consider all circumstances of the case and the entire course of the prosecution. If it becomes necessary to discharge the original jury from further consideration of the case, the trial before a new jury will not constitute double jeopardy.
The purpose of a continuance, as authorized by LSA-C.Cr.P. Art. 489, is to protect a defendant from surprise or prejudice which may result from such an amendment. State v. Gibson, 322 So.2d 143 (La.1975); State v. Brown, 338 So.2d 686 (La.1976); State v. de la Beckwith, 344 So.2d 360 (La. 1977); State v. Davis, 385 So.2d 193 (La. 1980).
The defendant had the burden of establishing that an amendment has prejudiced the defense. State v. Davis, supra; *1369 State v. Hammontree, 363 So.2d 1364 (La. 1978); State v. Dye, 384 So.2d 420 (La.1980). The mere allegation by the defendant that the defense will be affected by amendment of the indictment does not constitute a showing of prejudice so as to render a trial court's refusal of the continuance reversible error. State v. Hammontree, supra; State v. Brown, supra.
The defendant must show in what respect the defense was prejudiced by the amendment before the trial court will grant the continuance. State v. Hammontree, supra.
The trial court has great discretion in deciding whether to grant a continuance and his decision will not be overturned absent a showing that the court arbitrarily or unreasonably abused its discretion. State v. Davis, supra; State v. Jones, 544 So.2d 1209 (La.App. 3d Cir.1989).
The defendant has failed to demonstrate that the amended indictment prejudiced his defense. The amendment was made approximately one month prior to trial. Even though defense counsel claims he was unaware of the amendment until one week before the trial, he failed to demonstrate compelling reasons for the lack of knowledge other than his preoccupation with his own race for a judicial position and other case work.
Further, the defendant failed to demonstrate what evidence or testimony he was unable to obtain. The defendant argues he required additional time to establish an alibi defense and yet at trial he was able to introduce into evidence time records from his employer for a period of time in April when the victim was on spring break from school. These records were introduced apparently to demonstrate that the defendant was at work during the time the victim claims the offense occurred. This time period was included in the amended indictment.
Based upon these facts, the defendant has failed to show that he was prejudiced or surprised by the amendment to the indictment. Therefore, the trial court did not err in refusing to grant a continuance.

PRISON CLOTHING AND SHACKLES
The defendant argues that the trial court erred in refusing to grant a mistrial after he appeared before the jury in prison clothing and in shackles. This argument is meritless.

Prison Clothing
Before the jury selection process began, the defendant was brought into the courtroom wearing clothing he contends was prison garb. He objected to being taken to trial in prison clothing.
The record shows that the defendant's civilian clothing had been sent for, but had not yet arrived at the time jury selection was scheduled to begin. The trial court noted on the record that the defendant was not entirely clad in prison clothing, but was wearing a white t-shirt. The court stated that as long as the defendant remained seated, his clothing would not be identifiable as prison clothing. The trial court decided to proceed with jury selection. There is no showing that the defendant's civilian clothing failed to arrive in time for the trial or that he was forced to stand trial clad in prison clothes, as he contends.
Ordinarily, a defendant before the court should not be shackled, handcuffed or garbed in any manner destructive of the presumption of innocence or destructive of the dignity and impartiality of the judicial proceeding. State v. Calhoun, 554 So.2d 127 (La.App. 2d Cir.1989), writ denied 558 So.2d 601 (La.1990); State v. McMellon, 525 So.2d 1094 (La.App. 3rd Cir.1988), writ denied 532 So.2d 149 (La.1988). An accused may insist that he be brought to court with the appearance, dignity and self respect of a free and innocent person. State v. Murphy, 463 So.2d 812 (La.App. 2d Cir.1985), writ denied 468 So.2d 570 (La.1985). Compelling a defendant to stand trial in readily identifiable prison attire, over his express objection, infringes upon his presumption of innocence and denies the defendant due process of law. State v. Murphy, supra; State v. Brown, 585 So.2d 1211 (La.1991). However, the courts have not gone so far as to prohibit a defendant from appearing before the jury in prison clothes under any circumstances. State v. *1370 Newton, 562 So.2d 978 (La.App. 3rd Cir. 1990).
When examining this issue on appellate review, three factors are to be weighed to determine whether reversible error has occurred. These factors are: (1) whether the clothes worn are easily identifiable as prison attire; (2) whether the defendant was actually compelled after objection to wear the prison clothes; and (3) whether the defendant was prejudiced by wearing the prison clothes. State v. Newton, supra; see also State v. Murphy, supra.
In the present case, the defendant has failed to show that he was required to stand trial in readily identifiable prison clothing. As long as the defendant remained seated, the jurors or prospective jurors could only see the defendant's shirt. There was no showing that the shirt bore any markings whatever that would indicate it was "prison clothing."
Further, the defendant's civilian clothing was sent for. It would appear that the defendant was allowed to stand trial wearing his own clothing. The defendant has failed to demonstrate that he was prejudiced in any way by wearing a white t-shirt during a portion of the jury selection process.

Shackles and Handcuffs
The defendant also contends that before the trial began, three jurors saw him being unshackled and his handcuffs removed prior to the beginning of the court proceedings. The defendant objected and moved for a mistrial. The record is unclear whether the jurors in question were prospective jurors or whether they had already been chosen to serve on the jury. The trial court found that the jailer removed the defendant's shackles and handcuffs in an unobtrusive manner and the defendant's motion for mistrial was denied.
If the handcuffing is objected to at the time of trial, for a finding of reversible error, the record must show an abuse of the trial court's reasonable discretion resulting in clear prejudice to the accused. State v. Murphy, supra.
The courts have determined that the mere fact that a defendant appeared in restraints or may have been viewed by jurors or prospective jurors does not in itself constitute reversible error. State v. Newton, supra. The momentary use of shackles for the limited purpose of transporting an accused does not mandate a mistrial. State v. Wilkerson, 403 So.2d 652 (La.1981); State v. McMellon, supra; State ex rel Cockerham v. Butler, 515 So.2d 1134 (La.App. 5th Cir. 1987); State v. Smith, 504 So.2d 1070 (La. App. 1st Cir.1987). Rather, there must be a showing by the defendant that jurors viewed the defendant in restraints and that this resulted in prejudice to the defendant which impacted the verdict. State v. Newton, supra.
Mistrial is a drastic remedy and should only be granted on a showing of substantial prejudice. State v. Murphy, supra; State v. Sampson, 480 So.2d 952 (La.App.2d Cir.1985); State v. McMellon, supra. The determination to grant a mistrial lies within the sound discretion of the trial court. State v. McMellon, supra. To constitute reversible error, the record must show an abuse of discretion in denying the motion for mistrial, resulting in clear prejudice to the defendant. State v. McMellon, supra.
In the present case, as in numerous similar cases cited above, the defendant was viewed in handcuffs by only three jurors, or prospective jurors. This occurred in one isolated incident as the defendant was brought into the courtroom and the trial court noted that the jailer was unobtrusive in removing the shackles and handcuffs. There is no showing that the jurors actually saw this event, or that the viewing prejudiced the jury or impacted the verdict. Further, the defendant did not ask the trial court to admonish the jurors to disregard the occurrence, if indeed they saw the defendant in shackles and handcuffs. Also, we note that the handcuffs and shackles were being removed before the proceedings commenced, clearly demonstrating that the defendant was not required to stand trial while fettered, as he contends. Therefore, the trial court did not err in denying the defendant's motion for mistrial.

*1371 JURY INSTRUCTION

The defendant argues that the trial court erred in giving an unconstitutional jury charge regarding reasonable doubt. The defendant argues that the jury charge regarding reasonable doubt contained much of the objectionable language contained in the judge's instruction in State v. Cage, 583 So.2d 1125 (La.1991).
The defendant failed to contemporaneously object to the allegedly erroneous instructions and thus has failed to preserve for review any alleged error. LSA-C.Cr.P. Art. 801, 841; State v. Hamilton, 594 So.2d 1376 (La. App. 2d Cir.1992); State v. Ruple, 437 So.2d 873 (La.App. 2d Cir.1983). See also State v. Bennett, 617 So.2d 550 (La.App. 3d Cir.1993); State v. Quatrevingt, 617 So.2d 484 (La.App. 4th Cir.1992); State v. Dobson, 578 So.2d 533 (La.App. 4th Cir.1991), writ denied 588 So.2d 1110 (La.1991). Accordingly, this assignment of error is not considered.

CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Billy Ray Cleveland.
AFFIRMED.