727 So.2d 1199 (1999)
STATE of Louisiana
v.
Joseph C. BALLAY, IV.
No. 97-KA-1749.
Court of Appeal of Louisiana, Fourth Circuit.
January 13, 1999.
Richard P. Ieyoub, Attorney General, Darryl W. Bubrig Sr., District Attorney, Pointe-A-La-Hache, Louisiana and Gilbert V. Andry *1200 III, Assistant District Attorney, New Oorleans, Louisiana, Counsel for Plaintiff/Appellee.
Kevin Vincent Boshea, Regan & Boshea, New Orleans, Louisiana, Counsel for Defendant/Appellant.
Court composed of Judge STEVEN R. PLOTKIN, Judge CHARLES R. JONES, Judge Pro Tempore PHILIP C. CIACCIO.
PLOTKIN, Judge.
The primary issue in this appeal is whether defendant is entitled to a new trial because he was seen by prospective jurors in handcuffs for a short period of time during voir dire.
On August 15, 1995, a bill of information was filed charging the defendant, Joseph C. Ballay, IV, with violating La. R.S. 14:34.1, a second-degree battery upon Kenneth E. Davis on July 16, 1995. On February 5, 1996, the defendant appeared with his attorney for arraignment; he waived the reading of the bill of information and pled not guilty. On October 8, 1996, a six-member jury found the defendant guilty as charged. On October 9, 1996, the State filed a bill of information charging the defendant with being a multiple offender. On June 4, 1997, the defendant consented to being adjudicated a habitual offender. The defendant was sentenced to serve fifteen years in the custody of the Department of Corrections and was given credit for time served.

FACTS
Following the selection of the jury and prior to the commencement of the trial, the defendant's attorney moved for a mistrial based on the fact that it had come to his attention that some of the jurors saw his client handcuffed in the back of the courtroom while being led to the door. Deputy DeMoll admitted to the court that the defendant was handcuffed at the time he was taken back to the prison. The trial court noted the fact and then denied the motion for a mistrial. At the trial of the case the State presented testimony from seven witnesses. The defendant called no witnesses.
The following facts were adduced at trial. On July 15, 1995, a group of friends were at Mott's, a bar located in Port Sulphur, Louisiana, attending a surprise birthday party in honor of Tina Richard. The party was held in the back of the lounge; it was not a private party. The victim, Kenny Davis, arrived at the party with his wife, Trish, at approximately 11:00 that evening. When he arrived, Mr. Davis saw the defendant speaking with Gerald Cosse. Mr. Cosse was also at Mott's for the birthday party, however defendant was not. Mr. Davis approached the two men and said, "hello" to the defendant and shook his hand. Mr. Davis proceeded to join the group and partake in the birthday festivities. After an hour had passed, the defendant approached Mr. Davis and asked him to go outside with him. Once outside, Mr. Davis was struck in the face and knocked unconscious. Mr. Cosse testified that he ran outside when he realized what happened and saw the defendant on top of Mr. Davis. He stated that defendant was striking Mr. Davis in the face. He pushed defendant off of Mr. Davis and began trying to revive Mr. Davis. As a result of the blow to his face, Mr. Davis suffered a compound fracture of the nose, lost five teeth, and had a large bump on his head.
Mr. Cosse and his wife were the only witnesses who testified that they actually saw the defendant strike Mr. Davis. Mr. Davis admitted that he did not see who struck him; he walked outside and the next thing he knew, he was being revived. On cross-examination, Mr. Davis admitted that around twenty-seven years earlier, he took defendant's wife and child to California and this may have been the impetus for defendant to strike him.

ERRORS PATENT REVIEW:
A review of the record for errors patent suggests that the trial judge imposed an illegal sentence on the multiple bill conviction.
In the bill of information filed on October 9, 1996, the State charged the defendant with being a fourth felony offender. At the June 4, 1997 hearing on the multiple bill, the defendant consented to being adjudicated a third felony offender and waived a formal hearing on the multiple offender charge. *1201 Following the adjudication of the defendant as a third felony offender, the court stated that based on the record, the imposition of the sentence mandated by La. R.S. 15:529.1 for a third felony offender would be the imposition of cruel and unusual punishment. For this reason, the court stated it would deviate from the sentence mandated by the statute and sentence the defendant to serve fifteen years in the custody of the Louisiana Department of Corrections.
Notwithstanding the comments of the trial court, it appears the trial court imposed a sentence greater than that required by La. R.S. 15:529.1. At the time of the defendant's present offense, which occurred on July 15, 1995, La. R.S. 15:529.1(A), as amended by Act No. 144 of 1994 provided:
(2) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
(a) The person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction; or
(b) If the third felony and each of the two prior felonies are felonies defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substance Law punishable by imprisonment for more than five years or any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence. (emphasis added)
The bill of information filed on October 9, 1996 indicated that the conviction forming the basis for the multiple bill was the defendant's 1996 conviction for second-degree battery, an offense that constitutes a crime of violence under La. R.S. 14:2(13). Pursuant to La. R.S. 14:34.1, the maximum penalty for committing a second degree battery is five years and/or a maximum fine of two thousand dollars. Thus, unless the requirements of La. R.S. 15:529.1(A)(2)(b) were met, the maximum sentence the defendant could have received pursuant to La. R.S. 15:529.1(A)(2)(a) as a third felony offender was ten years.
It does not appear that the requirements set forth in La. R.S. 15:529.1(A)(2)(b) were met. The State listed more than four prior felony convictions for the defendant beginning in 1974, but the State failed to state which offenses were being used as the basis for the multiple bill charge. However, neither of the two most recent predicate offenses listed on the multiple bill were crimes of violence, crimes for a violation of the Controlled Substance Law punishable by imprisonment for more than five years, or crimes punishable by imprisonment for more than twelve years. According to the bill of information the conviction obtained immediately prior to the instant conviction was a 1991 conviction for violating La. R.S. 14:67.10 relative to theft over $100.00 but less than $500.00. The maximum penalty for that crime was imprisonment with or without hard labor for not more than two years and/or a fine of not more than two thousand dollars. La. R.S. 14:67.10(b)(2). The conviction immediately preceding the 1991 conviction was a 1989 conviction for violating La. R.S. 14:71 relative to issuing worthless check (4 counts). The bill of information failed to state the amounts for the worthless checks, but the maximum sentence for that offense was ten years. Because it does not appear that either of the two prior offenses were crimes of violence, crimes for a violation of the Controlled Substance Law punishable by imprisonment for more than five years, or crimes punishable by imprisonment for more than twelve years, the provisions of La. R.S. 15:529.1(A)(2)(b) do not apply. In fact, it is not clear that any of the prior offenses would meet the requirements set forth in La. R.S. 15:529.1(A)(2)(b).[1]
*1202 The record reveals that the trial court did not correctly articulate the reasons for the imposition of its sentence. Although the trial court failed to state what it believed was the correct sentencing range, it is apparent from his remarks that he erroneously believed that he was required to impose a sentence greater than fifteen years. Absent a motion to reconsider the sentence and/or an objection to the sentence, the sentence would not ordinarily be reviewable for excessiveness. However, an illegal sentence is no sentence at all. State v. Johnson, 220 La. 64, 55 So.2d 782 (1951); State v. Green, 93-1432 (La.App.4 Cir.4/17/96), 673 So.2d 262, writ denied, 96-1131 and 96-1248 (La.10/4/96), 679 So.2d 1379.
In State v. Johnson, the court stated, "In any criminal case it is the mandatory duty of the district judge upon conviction of a defendant to impose a sentence authorized or directed by law, and, if he does not impose a sentence authorized or directed by law, the sentence is illegal, and the case is in the same condition as if no sentence at all has been imposed, and it must be remanded to the district court so that the judge may impose a legal sentence." State v. Johnson, 55 So.2d at 783.
Because the trial court erroneously sentenced the defendant to an illegal sentence, the defendant's sentences must be vacated and the case remanded for resentencing pursuant to the provisions of La. R.S. 15:529.1 in effect at the time of the commission of the instant offense.
A review of the record reveals no other errors patent.

ASSIGNMENT OF ERROR
In his sole assignment of error the defendant argues that because his motion for mistrial was based on the fact that he was handcuffed during the voir dire, the court erred in denying the motion for a mistrial.
Ordinarily a defendant should not be shackled, handcuffed or garbed in any manner destructive of his presumption of innocence or destructive of the dignity and impartiality of the judicial proceedings. State v. Wilkerson, 403 So.2d 652 (La.1981).
The defendant cites two cases wherein the courts found that compelling a defendant to stand trial in readily identifiable prison attire was held to constitute reversible error. State v. Spellman, 562 So.2d 455 (La.1990); State v. Brown, 537 So.2d 1252 (La.App. 4 Cir.1989), writ granted, 578 So.2d 918 (La. 1991), vacated by, 585 So.2d 1211 (La.1991). Our courts have not hesitated to reverse convictions where the defendant is forced to sit through his entire trial in readily identifiable prison garb. However, in the instant case, it is undisputed that the defendant went to trial in civilian clothes.
Although no exceptional circumstances were shown to warrant restraints, the jurors observed the defendant in handcuffs early in the proceedings. Courts have been hesitant to find that the momentary use of shackles or handcuffs for the limited purposes of transporting an accused mandates a mistrial, particularly where the defendant was never handcuffed or shackled within the courtroom. Rather, the defendant must show that the jurors viewed him in restraints and that this resulted in prejudice to the defendant which affected the verdict. State v. Wilkerson, 403 So.2d 652 (La.1981); State v. Cleveland, 25,628 (La.App. 2 Cir. 1/19/94), 630 So.2d 1365; State v. Brewington, 605 So.2d 4 (La.App.3 Cir.1992); State v. Otis, 586 So.2d 595 (La. App. 2 Cir.1991), reversed in part on other grounds, 589 So.2d 487 (La.1991); State v. McMellon, 525 So.2d 1094 (La.App. 3 Cir. 1988), writ denied, 532 So.2d 149 (La.1988); State ex rel. Cockerham v. Butler, 515 So.2d 1134 (La.App. 5 Cir.1987).
In State v. Wilkerson, the jury was leaving the courtroom at the end of the first day of trial. Before they left, a sheriff handcuffed the defendant and his co-defendant. Over half the jury passed within three or four feet of the defendant. The defendant argued that the jury must have seen him handcuffed. The Louisiana Supreme Court affirmed the denial of his motion for a mistrial. The Court stated that, if the handcuffing was objected to at the time of trial, the record must show an abuse of the trial court's discretion before the error would be reversible. See, Wilkerson, supra, 403 So.2d at 659. The Court also analyzed the case in terms of the *1203 total circumstances and stated, "[They] were not handcuffed during trial. They were handcuffed solely for the purposes of transport to and from the courtroom. Under the circumstances, the possibility that on one occasion several jurors may have seen the defendant in handcuffs does not appear to have so prejudiced the defendant as to warrant relief on appeal." Id.
Similarly, in State v. Johnson, 94-1172 (La. App. 4 Cir. 12/15/94), 648 So.2d 43, this court held the trial court did not abuse its discretion in denying the defendant's motion for mistrial after one juror accidentally saw the defendant wearing handcuffs and shackles outside the courtroom. Johnson is distinguishable from the instant case in that the judge in Johnson questioned the juror about his observation, and the juror said that he did not attach any significance to the event. Further, there was no indication that he mentioned the handcuffs and shackles to the other jurors. The juror stated that the incident did not affect his ability to presume the defendant's innocence.
But, in Johnson, this court noted that the incident complained of was not one of the mandatory grounds for mistrial that was enumerated in La.C.Cr.P. art. 770. The court found that the standard to judge whether a mistrial should have been granted is whether the defendant suffers such substantial prejudice that he has been deprived of any reasonable expectation of a fair trial. This court noted the differences between the facts in Johnson and the facts in Spellman. Most importantly, that the defendant in Spellman was handcuffed and in prison clothing. The clothing indicated that he was housed at Orleans Parish Prison, but was on trial in St. Bernard Parish, thus overtly revealing to the jury that defendant was accused of unrelated criminal conduct outside of St. Bernard Parish. Johnson, 648 So.2d at 45.
The facts in the instant case are similar to the facts in Johnson. The defendant was not handcuffed during the trial, nor was he forced to stand trial in prison garb. Rather, it merely appeared that some of the jurors observed the defendant handcuffed in the back of the courtroom momentarily when he was being taken back to prison. The case law does not support a finding that such a momentary observation automatically mandates a mistrial or reversal. The evidence of the defendant's guilt was overwhelming.
For the foregoing reasons, the defendant's conviction is affirmed but his sentence is vacated and the case is remanded for resentencing consistent with the legal principles stated herein.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.
NOTES
[1] His prior convictions consisted of a 1987 conviction for violating R.S. 14:72 relative to 2 counts of forgery, a 1977 conviction for violating La. R.S. 40:979, relative to an attempt to obtain Preludin, a schedule II substance, and 1974 convictions for violating R.S. 14:32 relative to negligent homicide and La. R.S. 40: 961-990 relative to possession of marijuana.