STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-55


STATE OF LOUISIANA

VERSUS

THOMAS SWAGGART


************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 14666-05,
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE

************

**MICHAEL G. SULLIVAN**
**JUDGE**

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Michael G. Sullivan, Judges.


**REVERSED AND REMANDED.**

**John F. DeRosier**
**District Attorney**
**Carla S. Sigler**
**Assistant District Attorney**
**1020 Ryan street**
**Lake Charles, Louisiana 70601**
**(337) 437-3400**
**Counsel for Appellant:**
        **State of Louisiana**

**John F. LaVern**
**Attorney at Law**
**1111 Ryan Street**
**Lake Charles, Louisiana 70602**
**Counsel for Defendant/Appellee:**
        **Thomas Swaggart**

SULLIVAN, Judge.

The State appeals the trial court's grant of Defendant Thomas Swaggart's Motion to Quash. We reverse.

## Facts

On April 24, 2005, Thomas Swaggart was in a vehicular accident and was charged by bill of information with one count of "driving while intoxicated,"[1] second offense, a violation of La.R.S. 14:98, and one count of driving left of center, a violation of La.R.S. 32:71. He pled not guilty to the charges. Thereafter, he filed a Motion to Quash the bill of information with regard to the charge of driving while intoxicated, second offense. After a hearing, the trial court granted the motion.

## DWI Enhancement

Defendant had previously pled guilty to driving while intoxicated in the Fortieth Judicial District Court on September 3, 1996. He argued that his September 3, 1996 guilty plea could not be used to enhance his current driving while intoxicated charge because the trial court had not informed him that his guilty plea could be used to enhance any future convictions for the same offense.

At the hearing on the Motion to Quash, the State introduced the transcript of Defendant's September 3, 1996 guilty plea, his "Waiver of Constitutional Rights and Plea of Guilty," and the bill of information charging him with DWI, multiple offense. After considering this evidence, the trial court granted Defendant's Motion to Quash, finding he had not been informed when he pled guilty on September 3, 1996, that a

---

[1] The bill of information charges Mr. Swaggart with "DWI 2ND OFFENSE" and describes the charge as "driving while intoxicated" (2ND OFFENSE)." Louisiana Revised Statute 14:98 defines the elements of the crime of "operating a vehicle while intoxicated." For purposes of this opinion, we recognize that the charge is based on La.R.S. 14:98 but use the "driving while intoxicated" reference, as in the bill of information.

subsequent conviction of the same offense could be enhanced and he could be subject to a greater penalty because of his guilty plea.

> [W]hen a defendant denies the allegations contained in the bill of information in an habitual offender proceeding, the burden is on the State to prove the existence of the prior guilty pleas and that the defendant was represented by counsel when they were taken. [*State v. Shelton*, 621 So.2d 769 (La.1993).] If the State meets this initial burden, the defendant must produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. *Id*. If the defendant carries this burden, then the burden reverts to the State to prove the constitutionality of the plea. *Id*.

*State v. Carlos*, 98-1366, p. 6-7 (La. 7/7/99), 738 So.2d 556, 559. The State's submission of the transcript of Defendant's prior plea and the "Waiver of Constitutional Rights and Plea of Guilty" form executed by Defendant and his attorney satisfied its burden under *Carlos*. The burden then shifted to Defendant to prove there was an infringement of his rights or a procedural irregularity in the taking of his prior plea. Contrary to Defendant's argument, the *Boykin* requirements do not mandate that a defendant be advised of his sentencing exposure in connection with a guilty plea. *State v. Anderson*, 98-2977 (La. 3/19/99), 732 So.2d 517. *See also, State v. McMellon*, 525 So.2d 1094, 1095 (La.App. 3 Cir.), *writ denied*, 532 So.2d 149 (La.1988), where this court held that *Boykin* does not require that "the trial judge advise the defendant that the guilty plea conviction may later serve as a basis for an enhanced penalty upon a subsequent conviction."

Defendant failed to prove there was an infringement of his rights or a procedural irregularity in the taking of his September 3, 1996 plea, and the trial court erred in granting his Motion to Quash. The ruling is reversed.

### *Errors Patent*

In accordance with La.Code Crim.P. art. 920, the record of this matter was reviewed for errors patent on the face of the record. There are no errors patent.

### *Disposition*

The ruling of the trial court is reversed, and the matter is remanded to the trial court for further proceedings.

**REVERSED AND REMANDED.**