525 So.2d 1118 (1988)
STATE of Louisiana
v.
Donald TAYLOR.
No. 87-KA-472.
Court of Appeal of Louisiana, Fifth Circuit.
April 18, 1988.
Rehearing Denied June 17, 1988.
*1119 John Crum, Dist. Atty., George Ann Hayne Graugnard, Asst. Dist. Atty., Parish of St. John the Baptist, Edgard, for plaintiff-appellee.
Paul G. Aucoin, Vacherie, for defendant-appellant.
Before BOWES, GAUDIN and GOTHARD, JJ.
GAUDIN, Judge.
Appellant Donald Taylor, found guilty in the 40th Judicial District Court of aggravated rape of a 58-year-old woman, was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.
Taylor was convicted by a 12-person jury on April 21, 1986. An earlier trial had started on February 18, 1986 but it was continued at the defendant's request after the district judge allowed an amendment of the Grand Jury indictment.
Appellant alleges various district court errors, none of which has merit. We affirm his conviction and sentence.
The victim in this case testified that shortly before 2 a.m. on July 21, 1984, she was awakened by an intruder who pulled her out of her bed, beat her head against a wall, took $250.00 from her purse and raped her anally.
Taylor left fingerprints on various items and this led to his arrest. Taylor then gave a statement to the police consistent with the victim's description of the attack.
On appeal, Taylor asserts that the district court judge erred:[1]
(1) in allowing the State to amend the Grand Jury indictment during the aborted first trial,
(2) in not granting his motion to quash the amended indictment on the grounds of double jeopardy,
(3) in not suppressing his oral confession,
(4) in asking a question of Dr. Pam Payment, a medical witness, in an attempt to rebut testimony brought out by defense counsel,
(5) in letting the prosecutor ask Dr. Payment an irregular hypothetical question,
(6) in permitting the State to improperly question a police officer,
(7) in not including in the jury charge three charges suggested by the defendant,
(8) in approving a guilty verdict not supported by the evidence, and
(9) in not stopping the prosecutor from making prejudicial remarks during final arguments.

ASSIGNMENTS 1 AND 2
The Grand Jury indictment charging Taylor with aggravated rape specified July 20, 1984 as the date the offense was committed.
The initial trial started on February 18, 1986. During the testimony of the first sworn witness, the prosecuting attorney moved to amend the indictment to show *1120 July 21, 1984 instead of July 20th. The trial judge allowed the amendment over the objections of defense counsel, who argued then, as he does now, that only the Grand Jury can amend a Grand Jury indictment.
Defense counsel also moved for an acquittal and a directed verdict, which were also denied. Taylor's lawyer then moved for a continuance, which was granted.
Taylor was rearraigned on the amended indictment and a new trial set for April 21, 1986. He was found guilty as charged.
A prosecutor is given authority to ask that a Grand Jury indictment be amended by LSA-C.Cr.P. art. 487(A), which reads:
"An indictment that charges an offense in accordance with the provisions of this Title shall not be invalid or insufficient because of any defect or imperfection in, or omission of, any matter of form only, or because of any miswriting, misspelling, or improper English, or because of the use of any sign, symbol, figure, or abbreviation, or because any similar defect, imperfection, omission, or uncertainty exists therein. The court may at any time cause the indictment to be amended in respect to any such formal defect, imperfection, omission, or uncertainty.
"Before the trial begins the court may order an indictment amended with respect to a defect of substance. After the trial begins a mistrial shall be ordered on the ground of a defect of substance."
This article distinguishes between amendments related to form, which may be permitted at any time, and amendments of substance, which require a mistrial. In Taylor's first trial, a mistrial was not ordered; rather, the trial was continued at the defendant's request after he argued that his alibi defense had been prejudiced by the switch from July 20th to the 21st.
LSA-C.Cr.P. art. 489 provides:
"If it is shown, on motion of the defendant, that the defendant has been prejudiced in his defense on the merits by the defect, imperfection, omission, uncertainty, or variance, with respect to which an amendment is made, the court shall grant a continuance for a reasonable time. In determining whether the defendant has been prejudiced in his defense upon the merits, the court shall consider all the circumstances of the case and the entire course of the prosecution. If it becomes necessary to discharge the original jury from further consideration of the case, the trial before a new jury will not constitute double jeopardy."
The actual date is not essential to the crime of aggravated rape. In State v. Glover, 304 So.2d 348 (La.1974), the Supreme Court of Louisiana, at page 350, said:
"At the outset, it should be noted that the date is not essential to the crime of aggravated rape; therefore, it need not be alleged in the indictment. When the date is not essential to an offense, the indictment shall not be held insufficient if it does not state a proper date. La. Code Crim.P. art. 468 (1960). The state is not restricted in its evidence to the date set out in the indictment. See, State v. Augusta, 199 La. 896, 7 So.2d 177 (1942). It is limited in its proof to the facts recited in the bill of particulars. State v. Heymann, 256 La. 18, 235 So.2d 78 (1970); State v. Mann, 250 La. 1086, 202 So.2d 259 (1967). However, article 488 of the Code of Criminal Procedure provides that, where there is a variance between the allegations of an indictment or bill of particulars and the evidence offered in support thereof, the court may order the indictment or bill of particulars amended in respect to the variance, and then admit the evidence."
Thus, when the trial judge granted the motion to amend Taylor's indictment, he was not permitting an amendment of substance and therefore he did not have to formally declare a mistrial. The trial was continued in accord with Art. 489, which specifically recites that once a case is continued by a defendant's alleged procedural prejudice, "... the trial before a new jury will not constitute double jeopardy."
We find no merit in Taylor's assignments of error dealing with the amended indictment. The assistant district attorney and *1121 the trial judge acted in accord with statutory and jurisprudential authority.

ASSIGNMENT NO. 3
In this assignment of error, Taylor argues that his oral confession should have been suppressed because his arrest was illegal and because the confession was not freely and voluntarily given.
Taylor was arrested for allegedly committing various crimes on or about the 20th day of July, 1984. Although the real date was July 21, the affidavit contains more than enough probable cause for the arrest. See State v. Lingle, 436 So.2d 456 (La. 1983).
Before introducing a confession, the State must prove that it had been given freely and voluntarily, without the defendant being in fear of harm or under duress, and that the confessor, if in custody, was advised of his Miranda rights.
The record contains a rights form signed by Taylor and the testimony of a police officer that Taylor was advised fully of his rights. The record is devoid of any serious evidence to the contrary. A trial court's determination of a confession's admissibility is not disturbed on appeal unless not supported by evidence. See State v. Nuccio, 454 So.2d 93 (La.1984).
Taylor further contends that his confession should not have been accepted because it contained evidence of crimes other than aggravated rape. The other crimes, however, relate to Taylor's breaking into the victim's house, physically assaulting and robbing her. These acts are an inseparable part of the crime charged and are admissible as res gestae. LSA-R. S. 15:447 and 448 state:

R.S. 15:447
"Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence."

R.S. 15:448
"To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction."
There was no reversible error in the admission of Taylor's oral confession.

ASSIGNMENTS 4 AND 5
These assignments of error are related to the testimony of Dr. Payment, who examined the victim after the rape and testified that she had been sexually violated. The trial judge asked Dr. Payment this question:
"... based on your examination and findings and use of the swab, in your opinion, was this victim rectally raped, not knowing the results of the swab? Just from what you know, what is your opinion? Yes or no."
The witness replied: "My opinion is that she had some acute trauma in the rectal area. I can't say that a penis caused it, not knowing the results of the swab."
Initially, we note that the defense did not object to the trial judge's question and that this failure generally precludes a later (on appeal) complaint.
LSA-C.Cr.P. art. 841 says, in pertinent part:
"An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor."
Nonetheless, although a trial judge should refrain from commenting on the evidence and upon the question of guilt or innocence, the judge can ask questions clarifying a witness's testimony. In State v. Roberson, 445 So.2d 12 (La.App. 4th Cir. *1122 1983), writs denied at 449 So.2d 1344 (La. 1984), the court said at page 15:
"Appellant characterizes the court's participation in the examination of the witness as a `recapitulation' or `repetition' of testimony in violation of Louisiana Code of Criminal Procedure Article 772. That article prohibits the court from expressing its opinion or commenting on innocence or guilt. State v. Williams, 375 So.2d 1379 (La.1979). It does not, however, restrain the court in its proper role of clarifying testimony when necessary or desirable. Id.

"It is clear from the colloquy that the trial judge was not commenting on the evidence, but merely attempting to clarify the prior testimony and the witness' response. We do not believe there was any prejudice caused to the defendant, particularly in light of the fact that the witness did not revise her previous answer in response to the court's clarification of the question. The trial judge's remarks, therefore, did not constitute an impermissible comment on the evidence. State v. Kelly, 367 So.2d 832 (La.1979)."
The question the instant trial judge asked Dr. Payment was not prohibited.
Finally, in this assignment of error, Taylor argues that the asking of the hypothetical question on redirect was improper. LSA-R.S. 15:281 provides:
"The redirect examination must be confined to the subject matter of the cross-examination and to the explanation of statements elicited on cross-examination; but the application of this rule is within the discretion of the trial judge, provided that the opportunity be not denied to recross on the new matter brought out on the redirect."
On direct, the prosecutor asked Dr. Payment if, in her opinion, the victim had been sexually molested. On cross-examination, the defense tried to show that the victim had not been attacked, at least that the examination and tests were not conclusive. The hypothetical question on redirect, therefore, was not addressing a new topic.
Also during Dr. Payment's testimony, the prosecuting attorney asked this:
"As an expert, hypothetically, if you see tears in the rectal area and you do a rape test and you insert rectal swabs and if the swabs come back showing the presence of sperm or seminal fluid, would that indicate the victim had been raped."
Appellant objects to this question on several grounds. First, he suggests that Dr. Payment was not properly qualified. Also, he contends the hypothetical question contains facts not as yet placed in evidence (i.e., that the rectal swab tested positive) and that the question, asked on redirect, was impermissible because it addressed a subject not raised on either direct or cross-examination.
Dr. Payment was qualified as a medical expert with experience in the examination of rape victims in hospital emergency rooms. The trial judge found Dr. Payment competent to testify as an expert on this subject.
Competency of an expert witness is a question of fact within the sound discretion of the trial judge and we cannot say that discretion was abused in this case. See State v. Watson, 449 So.2d 1321 (La.1984). Dr. Payment gave her medical background, which included her examination of at least 30 rape victims in the Charity Hospital emergency room.
The hypothetical question asked of Dr. Payment contained a fact not as yet proven. After Dr. Payment testified, another witness did say that the swab tested positive. In State v. Cass, 356 So.2d 936 (La.1977), the Supreme Court of Louisiana said at pages 940 and 941:
"An opinion of an expert witness on facts not within his personal knowledge may be elicited by propounding a hypothetical question which is in proper form, provided that the hypothesis assumes only facts which the evidence proves or tends to prove. State v. Schouest, 351 So.2d 462 (La.1977). If the record supports the facts assumed, the hypothetical question is proper."
*1123 As the missing fact in Dr. Payment's hypothetical question was later provided, the question was allowable.
Furthermore, the record does not indicate that the defense's right to recross was restricted or limited.

ASSIGNMENT NO. 6
Taylor contends that the trial judge erred in permitting a police detective to testify on redirect examination about things, particularly appellant's oral confession, not covered on direct.
LSA-R.S. 15:281, supra, gives the presiding judge the authority to reasonably and fairly monitor the scope and extent of direct, cross, redirect and recross questioning. The salient part of the statute, from the defendant's point of view, is that the right to cross-examine on any new matters shall not be judicially denied or interferred with. Here, Taylor's counsel conducted an extensive recross examination and cannot demonstrate any prejudice.

ASSIGNMENT NO. 7
Taylor submitted various jury charges, three of which form the basis of this assignment of error because the trial judge rejected them. The charges dealt with (1) the impeachment of a witness because of inconsistent statements, (2) the voluntariness of a confession and (3) the precise definition of aggravated rape.
A trial judge is required to give a special charge requested by a defendant only if it does not require qualification, limitation or explanation and if it is wholly correct and pertinent and not otherwise covered by the general charge. See LSA-C.Cr.P. art. 807, State v. Lombard, 486 So.2d 106 (La.1986), and State v. Jones, 474 So.2d 919 (La.1985).
The requested charge concerning inconsistent statements relates to the victim. On the night of the crime, the victim said that she did not initially admit that she had been raped because she was embarrassed and ashamed. She said that the intruder had attempted to rape her. Later, she said that she had been raped. The trial judge did not consider the victim's testimony inconsistent but he did, in his charge, tell the jurors the need to determine the weight and credibility of witnesses and to consider each witness' motive for testifying.
The fact that the victim originally did not admit to having been raped was clearly before the jury. This was discussed in opening statements, throughout the trial and finally in closing arguments. The jury, applying reasons and common sense, was free to believe or not believe the victim's testimony or any segment of it.
The ruling of a trial judge on a requested jury charge will not be disturbed unless the disputed portion is erroneous or prejudicial. See State v. George, 346 So.2d 694 (La. 1977).
Considering the jury charge as a whole, as mandated by State v. George, supra, we find no error or prejudice. The charge as read, along with the testimony and arguments of counsel, completely and fairly informed the jurors of all issues, facts and circumstances, including the victim's straightaway reluctance to admit she had been raped.
The other refused charges, those dealing with voluntariness of a confession and the exact definition of aggravated rape, were rejected properly. The general charge concerning the voluntariness of confessions and the statutory definition of aggravated rape was more than ample.

ASSIGNMENT NO. 8
In this assignment of error, Taylor claims that the guilty verdict was unsupported by the evidence in that the fingerprints on file in the sheriff's office, those used for comparison purposes, were not introduced into evidence.
The State called an expert in fingerprints, Sybil Guidry. She testified that she compared the fingerprints taken from items in the victim's purse, items handled by the intruder, to Taylor's fingerprints and found that they matched.
In State v. Carter, 363 So.2d 893 (La. 1978), an expert witness testified from memory only. The Supreme Court of Louisiana stated that an expert witness' testimony is the best evidence of the results of an examination or analysis.
*1124 We are unaware of any requirement, statutory or otherwise, placing on the prosecution the absolute burden of placing into evidence file fingerprints used by an expert witness for comparison purposes.
Arguably, the only reason for introducing file fingerprints would be for the jury to double check the expert witness, which is not a jury function. Appellant does not argue either that the fingerprint expert made a mistake or that he (Taylor) sought and was denied access to any fingerprints.
This assignment of error is without merit.

ASSIGNMENT NO. 9
In the prosecuting attorney's closing argument, he said this:
"If Donald Taylor walks today, he is going to do it again and he may do it again."
This remark was, no doubt, beyond the scope of adduced evidence. Appellant feels this is reversible error. Before an inappropriate statement requires a reversal, however, it must be convincingly demonstrated that the jury was influenced by the remark or that the remark contributed to the guilty verdict.
Here, the trial judge admonished the jury to disregard the offensive remark. In addition to the admonition, the jurors were presented with (1) Taylor's confession admitting that he beat the victim and burglarized her home, (2) the finding of Taylor's fingerprints on items removed from the victim's purse, (3) the medical evidence proving the victim had been raped as she testified she had been and (4) the identification by the victim of Taylor's voice as that of the man who raped her.
Although the prosecutor's remark about the possibility of further rapes was uncalled for, we find, considering the trial judge's admonition and the nature of the evidence, no validity in Taylor's contention that the jurors were influenced by the remark or that the remark contributed to the verdict.
Finding nothing persuasive in this and the other assignments of error, and finding no errors patent, we affirm Taylor's conviction and sentence.
AFFIRMED.
NOTES
[1] Appellant listed 18 assignments of error in his brief. In this opinion, these assignments are combined or consolidated into nine assignments.