694 So.2d 624 (1997)
STATE of Louisiana, Plaintiff-Appellee,
v.
Corboria COLLINS, Defendant-Appellant.
No. 29368-KA.
Court of Appeal of Louisiana, Second Circuit.
May 7, 1997.
Rehearing Denied June 12, 1997.
Carey J. Ellis, III, Rayville, for Defendant-Appellant.
Richard Ieyoub, Attorney General, William R. Coenen, Jr., District Attorney, Penny Wise-Douciere, Assistant District Attorney, for Plaintiff-Appellee.
Before MARVIN, C.J., and GASKINS and CARAWAY, JJ.
MARVIN, Chief Judge.
Indicted for second degree murder and having entered a Crosby plea[1] to manslaughter, this juvenile defendant, age 14 at the time of the homicide, appeals his conviction to contest the juvenile court's order transferring the jurisdiction for trial of the *625 homicide to the district court under La. Ch.C. art. 857 et seq.
La. Ch.C. art. 862 places the burden on the state to affirmatively show "by clear and convincing proof" that there is no substantial opportunity for the child's rehabilitation through facilities available to the juvenile court, based on six listed criteria. Art. 862 A(2). The state proved only three of the six criteria in the juvenile court. The transcript of the transfer hearing contains only generalities and is glaringly void of detailed evidence about this defendant, the specifics of his prior record of delinquency, his maturity and sophistication, and his physical or mental problems. A pre-sentence report apparently containing details of defendant's juvenile record was prepared and submitted to the district court after the transfer from the juvenile court.
Dr. Ross Keiser, Ph.D., a member of the sanity commission appointed by the juvenile court, examined the defendant shortly before the transfer hearing, finding that defendant had the mental capacity to proceed. Dr. Keiser had examined defendant on one occasion four years before the homicide but had not treated or observed him during the interim. Dr. Keiser opined that with proper evaluation and treatment, which he had then and now recommended, defendant had a "chance" or "possibility" of being rehabilitated. Dr. Keiser explained generally what evaluation and treatment was available in the adult criminal justice system but expressed only limited familiarity with what was available in the juvenile system.
Dr. Keiser thought that defendant had attended special education classes, but did not know whether his past recommendations for evaluation and treatment of defendant otherwise had been followed. When asked about past efforts and results of treatment and rehabilitation of defendant, Dr. Keiser simply answered, "[W]ithout evaluation ... we don't know much."
State v. Everfield, 342 So.2d 648 (La.1977), requires that the state observe the burden of proving the standards or criteria for the transfer of a juvenile to adult jurisdiction. The standards for transfer are of constitutional magnitude. Compare State in the Interest of Hunter, 387 So.2d 1086 (La.1980). See State v. Perow, 616 So.2d 1336 (La.App. 2d Cir.1993), writ denied, and La. Const. art. 5, § 19. Because the standards were not observed in these proceedings, a remand to the juvenile court is necessary. State v. Everfield, supra.

CONCLUSION
We note that the determination of the Art. 857 transfer of a juvenile is declared to be "only an interlocutory judgment" in Art. 863 B that is to be "reviewed summarily" and "by preference," while Arts. 330, 331 generally grant the right of appeal from "any final judgment." See also Art. 864 B. In the light of these articles and because the defendant reserved his right to seek appellate review in accord with State v. Crosby, supra, we review the transfer order on this appeal. The better procedure to gain review of a juvenile transfer order obviously is the Art. 863 procedure simply because that procedure contemplates review before any proceedings are undertaken in the district court if the transfer is ordered.
Because we find, on this record, that the standards for transfer of the juvenile were not observed, all proceedings thereafter in the district court must necessarily be vacated, a circumstance that could have been avoided if Art. 863 procedure had been used to gain preferential review of the transfer proceedings.
Defendant's other assignments of error relating to defendant's mental capacity, his plea, and his sentence are considered moot because of our disposition and remand to allow the juvenile court to hold a conduct a transfer hearing in accord with the standards.

DECREE
The juvenile court's transfer order of June 8, 1995, is vacated and set aside and the matter is remanded to the juvenile court to conduct a transfer hearing in accord with the standards set forth in the Children's Code. This disposition also negates all proceedings in the district court after the transfer order *626 of June 8, 1995. If the juvenile court on remand again orders the transfer to district court, defendant should seek preferential review under La. Ch.C. art. 863 before any further proceedings are undertaken in the district court.
REVERSED, RENDERED AND REMANDED TO THE JUVENILE COURT.

APPLICATION FOR REHEARING
Before MARVIN, C.J., and HIGHTOWER, WILLIAMS, GASKINS and CARAWAY, JJ.
Rehearing denied.
NOTES
[1] A Crosby plea allows a criminal defendant to condition his plea upon the reservation for appellate review of specified pre-plea errors despite the fact that a guilty plea otherwise waives all non-jurisdictional defects. State v. Crosby, 338 So.2d 584 (La.1976); State v. Fontenot, 410 So.2d 1112 (La.1982).