749 So.2d 701 (1999)
STATE of Louisiana, Appellee,
v.
Brandon DAVIS, Appellant.
No. 32,379-KA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1999.
*702 Jacqueline Scott, Bossier City, Counsel for Appellant.
Richard Ieyoub, Attorney General, Don Burkett, District Attorney, Counsel for Appellee.
Before BROWN, GASKINS and DREW, JJ.
BROWN, J.,
Charged as a juvenile with armed robbery and two counts of attempted first degree murder, defendant, Brandon Davis, was adjudicated delinquent by the juvenile court for the 11th Judicial District Court, DeSoto Parish. A motion to transfer was filed by the DeSoto Parish District Attorney's office and a hearing was held on April 15, 1997. The trial court ordered the matter transferred to the district court for the 11th JDC pursuant to La.Ch.C. art. 857, et seq. Thereafter, defendant pled guilty to armed robbery and the attempted first degree murder charges were dropped.
Defendant, who was 16 years old at the time of sentencing, was sentenced to imprisonment without benefit until his 31st birthday, with credit for time served. After defendant's appeal was filed with this court, he filed in the trial court a motion to correct his illegal sentence as well as a motion to reconsider sentence. Defendant's motion to reconsider was denied, but after a hearing on May 4, 1999, the trial court granted the motion to correct and imposed a sentence of 15 years, 10 months, with credit for time served.
Defendant has appealed both his conviction and sentence. For the reasons set forth below, we affirm.

Facts
On March 2, 1997, defendant, aged 14, and another juvenile went to the Mansfield Inn and robbed Connie Wheless, who was working behind the registration desk, of approximately $600. During the robbery, Ms. Wheless and another employee, John Sharplin, were shot. Following the robbery, witnesses observed several juveniles fleeing the scene. Based upon physical descriptions of the perpetrators and information gathered during subsequent investigative efforts, the police arrested two juveniles, one of whom was defendant.
Because the district court did not have original jurisdiction over the 14-year-old defendant, proceedings were initiated in juvenile court. After the matter was transferred to the district court, defendant's attorney filed a motion to appoint a sanity commission on August 18, 1997, urging that defendant lacked the mental capacity to understand the proceedings against him or to assist in his defense.
Two members of the sanity commission recommended to the trial court that defendant be sent to the Feliciana Forensic Unit for testing. Such an order was issued by the trial court, but rescinded and defendant was instead tested and examined at the DeSoto Parish jail. Based upon the reports of those who examined defendant, Gregory Polozola, Director of the Juvenile Justice Clearinghouse for the Department of Health and Hospitals, opined that there was no convincing evidence of psychosis and thus, no reason to send defendant for inpatient psychiatric treatment. Instead, *703 Polozola noted that DHH testing showed that defendant was in control of his behavior, very aware of the consequences of his behavior, cognizant of the charges against him and capable of assisting in his own defense.
Following the trial court's receipt of Polozola's recommendation and the reports of the examiners, a hearing was held on August 19, 1998 and the matter was set for trial on October 26, 1998. Prior to trial, however, defendant pled guilty to the charge of armed robbery and the two attempted first degree murder charges were dropped. A pre-sentence investigation report was prepared and defendant was sentenced on December 3, 1998. The trial court ordered that the 16-year-old defendant to be confined until his 31st birthday in accordance with La.Ch.C. art. 857. Defendant objected to his sentence as indeterminate and as noted above, the trial court resentenced defendant to imprisonment for 15 years and ten months at hard labor, with credit for time served. Defendant has appealed both his conviction and sentence.

Discussion
Defendant urges that the trial court erred in finding that he could be tried as an adult. According to defendant, his case was improperly transferred from juvenile court based on the state's failure to meet their burden under La.Ch.C. art. 862.
Juvenile delinquency matters may be transferred to the appropriate criminal district court pursuant to La.Ch.C. art. 857, which provides in part:
(A) The court on its own motion or on motion of the district attorney may conduct a hearing to consider whether to transfer a child for prosecution to the appropriate court exercising criminal jurisdiction if a delinquency petition has been filed which alleges that a child who is fourteen years of age or older at the time of the commission of the alleged offense but is not otherwise subject to the original jurisdiction of a court exercising criminal jurisdiction has committed any one or more of the following crimes:
* * *
(6) Armed robbery when committed with a firearm.
* * *
(B) Notwithstanding any other provision of law to the contrary, a fourteen-year-old who is transferred pursuant to this Article and subsequently convicted shall not be confined for such conviction beyond his thirty-first birthday.
A transfer hearing may be conducted before the juvenile court. La.Ch.C. art. 858. Pursuant to La.Ch.C. art. 862(A), certain findings must be made at that hearing, which are as follows:
(1) Probable cause exists that the child meets the requirements of Article 857.
(2) By clear and convincing proof, there is no substantial opportunity for the child's rehabilitation through facilities available to the court, based upon the following criteria:
a. The age, maturity, both mental and physical, and sophistication of the child.
b. The nature and seriousness of the alleged offense to the community and whether the protection of the community requires transfer.
c. The child's prior acts of delinquency, if any, and their nature and seriousness.
d. Past efforts at rehabilitation and treatment, if any, and the child's response.
e. Whether the child's behavior might be related to physical or mental problems.
f. Techniques, programs, personnel, and facilities available to the juvenile court which might be competent to deal with the child's particular problems.
*704 Additionally, subpart (B) of the same article requires that the court state for the record its reasons for judgment.
As set forth by the supreme court in State v. Everfield, 342 So.2d 648 (La.1977), the state bears the burden of proving the standards or criteria for the transfer of a juvenile to adult jurisdiction. See also State v. Collins, 29,368 (La. App.2d Cir.05/07/97), 694 So.2d 624, writ denied, 97-1746 (La.12/12/97), 704 So.2d 1181. The standards for transfer are of constitutional magnitude. Id.
In this case, we reviewed the transcript from the April 15, 1997 transfer hearing which reflects that the state called three witnesses in support of its motion: Gary Hobbs, an investigator with the Mansfield Police Department; Judson Rives, the chief investigator with the DeSoto Parish Sheriff's Office; and Steven Elliot, a juvenile services officer who supervised defendant at one point when defendant was on juvenile probation.
Investigators Hobbs and Rives testified regarding the facts of the case, the condition of the victims, the arrest of defendant, and the effect on the community caused by the seriousness of the crime.
Elliot testified to most of the other necessary information. He provided the court with details of defendant's previous juvenile record, which included an unauthorized use of a movable conviction and several simple burglary convictions, and noted that the plea bargains for each of these charges resulted in the dismissal of other charges that were pending against defendant.
Elliot further informed the court that the prior attempts that the juvenile system had made to rehabilitate defendant had been thus far unsuccessful. Elliot also agreed that it would be difficult for the juvenile system to deal with the type of crimes, armed robbery and attempted first degree murder, with which defendant was now charged.
When asked about defendant's physical and mental health, Elliot testified that defendant had behavior or personality problems, but that he did not believe that defendant had physical or mental problems. Elliot testified that the was aware that defendant had been treated at Charter Forest Hospital, which had found no evidence of mental problems.
Elliot noted defendant's age, 14, and spoke about his inadequate record at school. Elliot also told the court that while he was not qualified per se to speak as to defendant's maturity and sophistication, he noted that defendant has repeatedly been a problem for the juvenile system and has violated every condition that the juvenile system has placed upon him.
The court gave the following as its reasons for ordering the transfer of this matter to the district court:
Transfer under Children's Code Article 862 requires the finding of probable cause. The court enters that finding at this time. It also requires clear and convincing proof that there's no substantial opportunity for the child's rehabilitation through the facilities available to this court and the criteria listed. This court has had an opportunity to observe this defendant throughout his juvenile life and finds that the state has successfully proven by clear and convincing evidence the requirements for transfer to adult court and transfer is hereby ordered at this time. The juvenile is now termed a defendant. He is ordered transferred to the appropriate facility in adult court until further proceedings.
Prior to ruling, the trial court had already received the reports from DHH doctors which stated that instead of being mentally unstable, defendant was in control of his behavior, cognizant of the charges against him and capable of assisting in his own defense. The record reflects that the state met the requirements of La.Ch.C. art. 862(A) and therefore the trial court was correct in transferring the *705 matter. This assignment of error is without merit.
Defendant also complains that his sentence is excessive. After sentencing, defendant filed the instant appeal, urging that the trial court's sentence, confinement until defendant's 31st birthday, was indeterminate and therefore excessive. Defendant, however, did not file his motion to reconsider sentence until after he appealed and therefore we will consider only whether the sentence as clarified by the trial court (which amounts to 15 years, 10 months) is constitutionally excessive.[1]
A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society; it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La. App. 2d Cir.1989).
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Henton, 28,576 (La.App.2d Cir.09/25/96), 682 So.2d 777, writ denied, 96-2590 (La.03/27/97), 692 So.2d 391; State v. Washington, 29,478 (La.App.2d Cir.04/02/97), 691 So.2d 345.
In cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain and the offense involves violence upon a victim. State v. Black, 28,100 (La.App.2d Cir.02/28/96), 669 So.2d 667, writ denied, 96-0836 (La.09/20/96), 679 So.2d 430.
On this record, we cannot say that defendant's sentence is excessive by constitutional standards. In spite of his young age, defendant has been adjudicated delinquent at least twice, following his commission of several offenses, including three counts of simple burglary and one count of unauthorized use of a movable. Following the first adjudication, he was given the benefit of juvenile probation until his 15th birthday. While on probation, however, defendant committed the unauthorized use offense and was given an additional two years of probation to run concurrently with the probation from the burglary charge. In fact, defendant was on probation when he committed the instant crime.
In this case, defendant was allowed to plead guilty to the armed robbery charge while the state dropped two attempted first degree murder charges. This was the worst type of robbery consisting of the unnecessary shooting of two people. Furthermore, the record reflects no real mitigating factors. Considering the facts and circumstances as presented in this record, defendant's 15-year, 10-month sentence is clearly not excessive. This assignment of error is without merit.

Conclusion
For the foregoing reasons, defendant's conviction and sentence are AFFIRMED.
NOTES
[1] We will review defendant's sentence for constitutional excessiveness although, by virtue of a supplemental appellate brief filed after the trial court granted defendant's motion to correct sentence, it appears that he has abandoned this argument.