874 So.2d 153 (2004)
STATE of Louisiana
v.
Roger Lee HAVIS.
No. 2003-KK-2490.
Supreme Court of Louisiana.
April 30, 2004.
*154 PER CURIAM.
Relator seeks review in this Court of the district court's judgment denying his motion to quash the grand jury indictment against him for aggravated rape in violation of La.R.S. 14:42(A)(4). The charge involves a sexual assault of a child under the age of 12 years allegedly committed by relator in 1996 when he was 14 years old. Allegations of the crime did not come to light until years after its commission, and by the time of his arrest and indictment, relator had turned 21 years old. Relator moved to quash the indictment returned in the 32nd Judicial District Court, Parish of Terrebonne, because the state has, from the outset of this case, treated him as an adult according to his age at the time of his arrest and not as a juvenile according to his age at the time of the commission of the offense. The state has therefore not followed any of the special procedures in the Children's Code for taking juveniles into custody, charging them as delinquents, and then, in the case of juveniles 14 years of age or older at the commission of the delinquent act, requesting the juvenile court to transfer the case to an appropriate court exercising criminal jurisdiction.
In denying the motion, the district court took the position that "it has jurisdiction as an adult court to try this matter, to hear this matter of an adult at this time for a crime that he committed while he was a juvenile." The court of appeal denied review without comment. State v. Havis, 03-1412 (La.App. 1st Cir.8/25/03). We affirm the judgment of the district court for the following reasons.
For Louisiana's most serious felony offenses, including aggravated rape, the state may charge a juvenile 15 years or older at the time of committing the felonious act as an adult directly in a district court exercising criminal jurisdiction without first invoking the jurisdiction of the juvenile justice system. La.Ch.C. art. 305. For certain serious delinquent acts committed by a juvenile 14 years old or older at the time of the offense, including the crime of aggravated rape, the state may also charge the offender as an adult in a district court exercising criminal jurisdiction. However, the state must first file a delinquency petition in an appropriate court exercising juvenile jurisdiction, La.Ch.C. art. 857(A), and then request the court to transfer the case to the appropriate court exercising criminal jurisdiction, upon a showing by clear and convincing evidence that "there is no substantial opportunity *155 for the child's rehabilitation through facilities available to the court...." La.Ch.C. art. 862(A)(2). In the event the court exercises its discretion and transfers the case, the juvenile offender may not be confined beyond his 31st birthday if convicted, even for an offense, as in the present case, which carries a sentence of life imprisonment or death if committed by an adult. La.Ch.C. art. 857(B).[1]
Under ordinary circumstances, a juvenile may not be transferred to a court exercising criminal jurisdiction for prosecution as an adult without a hearing or other protections from judicial arbitrariness in any case in which the legislature has provided courts with the discretion to make that determination and established relevant criteria governing the decision whether to retain the case within the juvenile justice system or to remove it into the adult court system. Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966); State v. Everfield, 342 So.2d 648 (La.1977); State v. Davis, 32,379 (La.App. 2nd Cir.9/22/99), 749 So.2d 701. As a general rule, the state therefore may not bypass the transfer provisions of La.Ch.C. art. 857(A), and the juvenile court's exercise of its informed discretion according to the criteria established by the legislature in La.Ch.C. art. 862, by instituting prosecution of a juvenile offender who was 14 years old at the commission of the offense directly in a district court exercising criminal jurisdiction.
However, under the extraordinary circumstances of the present case, the district court properly assumed criminal jurisdiction over relator's case at the outset. Counsel conceded below that the district court in fact had subject matter jurisdiction over the case, whether characterized as a juvenile delinquency proceeding or criminal prosecution of an adult, because Terrebonne Parish does not have special juvenile courts exercising exclusive original juvenile jurisdiction. See La.Ch.C. art. 302(2)("District courts, except where a separate juvenile court with exclusive original juvenile jurisdiction is established by law, shall have original juvenile jurisdiction for the parish or parishes within their district."). The state therefore could have proceeded in the district court by filing a petition charging relator as a delinquent and then asking the court, sitting as a court exercising original juvenile jurisdiction, to transfer the case to itself sitting as a court exercising criminal jurisdiction. However, that procedure was no more than a matter of supererogation under present circumstances because the district court, in fact, possessed no discretion to retain original juvenile jurisdiction over the case. Because relator was over the age of 21 years when arrested, he was no longer a child for purposes of delinquency proceedings conducted in a court exercising original juvenile jurisdiction. See La.Ch.C. art. 804(1)("`Child' means any person under the age of twenty-one, including an emancipated minor, who commits a delinquent act before attaining seventeen years of age."). By virtue of relator's age alone, clear and convincing proof exists in the present case that "there is no substantial opportunity for [his] rehabilitation through facilities available to the [juvenile] court...." La.Ch.C. art. 862(A)(2); see La.Ch.C. art. 897.1(A) ("Notwithstanding any other provision of law to the contrary, after adjudication of a felony-grade delinquent act based upon a violation of ... R.S. 14:42, aggravated rape ... the court shall commit the child to the custody of the *156 Department of Public Safety and Corrections to be placed within a secure detention facility until the child attains the age of twenty-one years...."); La.Ch.C. art. 898(A) and (C)(5)("No judgment of disposition shall remain in force for a period exceeding the maximum term of imprisonment for the felony forming the basis for the adjudication [of delinquency].... These maximums do not apply if ... [t]he child reaches age twenty-one."); La.Ch.C. art. 897(A)(3) and C)(after adjudication of any felony-grade delinquent act other than specified in art. 897.1, the court may place the "child" on probation "in the custody of his parents or other suitable person" or commit the "child" to "the custody of any private or public institution or agency."). Moreover, the discretion of the court under La.Ch.C. art. 857(A) is not unfettered because its findings under the criteria spelled out in La.Ch.C. art. 862 are subject to summary review "by the appropriate court of appeal." La.Ch.C. art. 863(B). Sitting as a court exercising original juvenile jurisdiction, the district court would have had no choice other than to transfer the present case to itself as a court exercising original criminal jurisdiction even if the state had initiated juvenile proceedings at the outset by filing a petition to have relator adjudicated delinquent. The same result necessarily would have followed if the state had initiated juvenile delinquency proceedings in the city courts of Houma, Louisiana, and then filed a motion to transfer the case into the 32nd Judicial District Court exercising criminal jurisdiction. See La.Ch.C. art. 302(4) ("City courts, except where a separate juvenile court with exclusive original juvenile jurisdiction is established by law, shall have original juvenile jurisdiction for their territorial jurisdiction ... concurrent with that of the district court.").
The state acknowledged below that although it has charged relator with an offense carrying a sentence of death or life imprisonment at hard labor, it may not incarcerate him beyond his 31st birthday as a matter of the limit imposed by La.Ch.C. art. 857(B) for cases which have been transferred under the authority of La.Ch.C. art. 857(A) to a court exercising criminal jurisdiction. Under these circumstances, the path taken by the state in this case, initiating criminal prosecution of relator in the district court, did not prejudice relator by depriving him of the opportunity for the court to retain original juvenile jurisdiction over the case in the exercise of its discretion, or by exposing him to greatly enlarged penalties than otherwise would have been applicable if this case had been initiated as a juvenile delinquency proceeding.
Because relator's motion to quash challenged not the subject matter jurisdiction of the district court but the procedural mechanism by which the state invoked the original criminal jurisdiction of that court under circumstances in which relator did not suffer actual prejudice, the court correctly denied the motion and asserted its jurisdiction over the case. The judgment below is therefore affirmed.
NOTES
[1] The Eighth Amendment would in any event prohibit the execution of a juvenile offender less than 16 years old at the time of the offense. Stanford v. Kentucky, 492 U.S. 361, 109 S.Ct. 2969, 106 L.Ed.2d 306 (1989).