I «SUSAN M. CHEHARDY, Judge.
This appeal presents a novel issue: Whether a district judge correctly quashed an indictment because the defendant was a juvenile not subject to district court jurisdiction during part of the stated date range for occurrence of the offense. The State has appealed, asserting the district court erred in refusing to allow the State to amend the indictment to limit the date range to a period after the defendant was old enough to be subject to the jurisdiction of the district court. We affirm.
On May 8, 2003, the Jefferson Parish grand jury returned an indictment alleging that Benjamin Jackson “on or between September 1, 2000 and March 13, 2003 ... violated R.S. 14:42 in that he did commit aggravated rape upon known juvenile (DOB 09/11/1993).”[1] At arraignment, defendant entered a plea of not guilty.
Defense counsel filed a motion to quash the indictment on the basis the district court does not have jurisdiction. On November 6, 2003 the trial court granted the motion to quash. The State filed a motion for stay and a motion for appeal, which were granted.
LThe hearing on the motion to quash the indictment began on November 3, 2003 and carried over to November 6, 2003. At the November 3 hearing, defense counsel asserted the district court lacks jurisdiction to hear the matter because the indictment states the alleged criminal activity began on September 1, 2000, when defendant was only fourteen years of age. The defense introduced into evidence the original Certificate of Live Birth for defendant. It shows that defendant’s name is “Ben Jackson” rather than “Benjamin Jackson” and his date of birth is May 25, 1986 instead of May 25, 1985, as alleged in the indictment.
The State had no objection and the certificate was admitted into evidence. The prosecutor then said, “[T]he State will amend the Bill of Information [sic] to reflect the Defendant’s correct name, Ben Jackson, and to reflect that the dates of abuse, instead of September 2000, we’ll amend it to go from 2001 through March 13, 2003.”
Defense counsel opposed the amendment, stating, “[T]his was a Grand Jury indictment. Though the State does have some limited authority to make amendments for misspellings and the like, the allegations herein are of a substantive nature, which cannot be amended and can only be handled by being quashed and another indictment being handed down by the Grand Jury.”
The prosecutor said the State did not dispute defendant’s name or date of birth, but reiterated the State’s position that it can amend the indictment to change the time of the alleged offense.
The hearing recommenced on November 6, 2003. On that day, the prosecutor argued that the State has authority to amend the indictment, pursuant to La.C.Cr.P. art. 487, and that it can amend the allegation regarding the time of the alleged offense to include from May 25, 2001 to the last incident in March 2003.
*615 | ¿Asked by the trial judge how that would cure the jurisdictional problem, the prosecutor stated, “We’re of the belief.that this Court has jurisdiction because the law is clear that where the defendant is fifteen years of age or older and is charged with aggravated rape, this Court can exercise exclusive jurisdiction once an indictment has been filed.”
In effect, the State argued that if the indictment were amended to show the date abuse began as May 25, 2001, defendant would have been fifteen years old at that time and, thus, subject to the district court’s jurisdiction.
Defense counsel disagreed, responding that the indictment, on its face, alleges a crime over which the district court has no jurisdiction. There is a nine-month time difference between September 1, 2000 and May 25, 2001, when defendant turned fifteen. The defense argued this change goes not only to the substance- of the crime, but also to the fundamental jurisdiction of the district court: “This isn’t a Bill of Information where the District Attorney can go and made the changes as the District Attorney sees fit, it’s a Grand Jury Indictment. And if there’s going to be a substantive change, that has to be done only by the Grand Jury.”
Defense counsel asserted there is no prejudice to the State because “[t]hey can now view this case in the light and in the eyes that it should have been viewed originally, ... with a fuller understanding of what occurred.”
The prosecutor said the State had relied on representations made by defendant to the investigating officers with respect to his name and date of birth. She pointed out that the date of the occurrence is not an essential element to the crime of aggravated rape; therefore, it need not be alleged in the indictment. She reiterated that the State has authority to amend grand jury indictments prior to trial.
|fiThe trial judge granted the'motion to quash, with the following oral reasons’ for the ruling:
I would agree with you . that the date of the offense is not an essential element of the crime of aggravated rape. The question before this. Court, however, is one with regard to the jurisdiction of this Court over someone who, at the time of the offens.e, was a juvenile, and over which the Juvenile Court had exclusive jurisdiction. ■
Based upon the information provided to the Court and placed into the record, including the certified birth certificate, which has now been made a part of the record, the Court does grant the defense Motion to Quash the Indictment. •

ASSIGNMENT OF ERROR NUMBER ONE

The State’s only assignment of error is that the trial court erred in granting the Motion to Quash. The State contends it has authority under La.C.Cr.P. arts. 487(A) and 468.-. to amend the. dates of occurrence , on the . indictment to “on or between May 25, 2001 and March 13, 2003,” the period after defendant became fifteen years old. In accordance with La. Ch.C. art. 305, the amendment would subject defendant to the exclusive jurisdiction of the district court. ■ , .
Defendant argués the trial court properly granted the motion because he was fourteen years old at the time of the occurrence set forth in the indictment and, therefore, the district court had no jurisdiction over him. He Contends the State has no authority to amend the indictment because the change in date of occurrence is an error not in form, but in substance.

*616
LAW AND ANALYSIS

La. Const. Art. 5, § 19 provides that special juvenile procedures apply to the “determination of guilt or innocence, the detention, and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday.” However, the article authorizes the legislature to exempt juveniles arrested for ^having committed certain serious crimes, to lower the maximum ages of persons to whom the special juvenile procedures shall apply, and to establish a procedure by which the court of original jurisdiction may waive juvenile procedures in order to apply adult procedures in individual cases. The legislature acted on that authority in passing certain provisions, formerly part of the Revised Statutes but now included in the Louisiana Children’s Code.
La.Ch.C. art. 305 governs divestiture of juvenile court jurisdiction and original criminal court jurisdiction over children. It states, in pertinent part, that a child age fifteen or older at the time of commission of certain offenses, including aggravated rape, is subject to the exclusive jurisdiction of juvenile court until either an indictment charging one of these offenses is returned or the juvenile court holds a continued custody hearing and finds probable cause that he committed one of these offenses, whichever occurs first.
Thus, under La.Ch.C. Art. 305, defendant would be subject to the district court’s jurisdiction if he were fifteen at the time of the alleged offense. That means defendant also would be subject to the penalties provided for adult offenders. In this case, in which the victim is under the age of twelve, the penalty for aggravated rape is either death or life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. La. R.S. 14:42(D)(2)(a). Although defendant would not be subject to execution due to his age at the time the crime was committed, he would be subject to life-long incarceration in an adult prison.[2]
La.Ch.C. art. 857 covers transfers for criminal prosecution. It provides:
A. The court on its own motion or on motion of the district attorney may conduct a hearing to consider ^whether to transfer a child for prosecution to the appropriate court exercising criminal jurisdiction if a delinquency petition has been filed which alleges that a child who is fourteen years of age or older at the time of the commission of the alleged offense but is not otherwise subject to the original jurisdiction of a court exercising criminal jurisdiction has committed any one or more of the following crimes:
* * *
(4) Aggravated rape.
* * *
B. Notwithstanding any other provision of law to the contrary, a fourteen-year-old who is transferred pursuant to this Article and subsequently convicted shall not be confined for such conviction beyond his thirty-first birthday. [Emphasis added.]
Under La.Ch.C. art. 857, if defendant was fourteen at the time of the alleged offense, the juvenile court may transfer him to the district court for prosecution as an adult, but only after a hearing in which *617 the State is required to prove certain facts to the juvenile court. La.Ch.C. 862.[3]
| slmportantly, a fourteen-year-old transferred to the district court is subject to much different penalty than a fifteen-year-old subject to original criminal jurisdiction: the fourteen-year-old may not be confined beyond his thirty-first birthday. The fifteen-year-old, if convicted, is subject to life imprisonment in an adult prison.
The State must observe the burden of proving the standards or criteria for the transfer of a juvenile to adult jurisdiction. State v. Everfield, 342 So.2d 648, (La.1977). The standards for transfer of a juvenile to adult jurisdiction are of constitutional magnitude. State v. Collins, 29,-368, p. 2 (La.App. 2 Cir. 5/7/97), 694 So.2d 624, 625.
La.C.Cr.P. art. 487 deals, with handling of a defective indictment, as follows in pertinent part:
A. An indictment that charges an offense in accordance with the provisions of this Title shall not be invalid or insufficient because of any defect or imperfection in, or omission of, any matter of form only, or because of any miswriting, misspelling, or improper English, or because of the use of any sign, symbol, figure, or abbreviation, or because any similar defect, imperfection, omission, or uncertainty exists therein. The court may at any time cause the indictment to . be amended in respect to any such formal defect, imperfection, omission, or uncertainty.
Before the trial begins the court may order an indictment amended with respect to a defect of substance. After the trial begins a mistrial shall be ordered on the ground of a defect of substance.
The district attorney has the power and authority to amend grand jury indictments, as to both form and substance. State v. Sanborn, 02-257, p. 13 (La.App. 5 Cir. 10/16/02), 831 So.2d 320, 328, writ denied, 02-3130 (La.9/26/03), 854 So.2d 346. Where the defense can show prejudice as a result of the amendment, the trial court may grant a continuance. Id.
IsUnder La.C.Cr.P. arts. 61 and 62, the district attorney has entire charge and control of each criminal prosecution in his district, and he decides whom, when and how to prosecute. For -example, the district attorney has the sole discretion to *618 choose under which law he will prosecute. State v. Boss, 03-133, p. 4 (La.App. 5 Cir. 5/28/03), 848 So.2d 75, 77, writ denied, 03-1968 (La.5/14/04), 872 So.2d 508.
The district attorney has the power to dismiss an indictment or a count in an indictment, in his discretion without obtaining consent of the court. La.C.Cr.P. art. 691. The district attorney may make the dismissal orally in open court, or by a written statement of the dismissal signed by the district attorney and filed with the clerk of court. Id.
La.C.Cr.P. art. 468 provides the date or time of the commission of the offense need not be alleged in the indictment, unless the date or time is essential to the offense; further, “[i]f the date or time is not essential to the offense, an indictment shall not be held insufficient if it does not state the proper date or time, or if it states the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day.”
The date is not essential to the crime of aggravated rape; therefore, it need not be alleged in the indictment. State v. Glover, 304 So.2d 348, 350 (La.1974). When the date is not an essential element of the offense charged, a mistake respecting the date on which the offense occurred is only a defect as to form, which may be corrected at any time without leave of court. State v. Brockel, 98-1089, p. 14 (La.App. 5 Cir. 3/30/99), 733 So.2d 640, 648, writ denied, 99-1516 (La.10/15/99), 748 So.2d 469.
In the instant case, the crucial issue is whether the trial judge erred by quashing the entire indictment rather than only a portion of it. The issue presented is res nova because of the jurisdictional issues involved.
| ,nWe conclude the district court did not err in granting the motion to quash the indictment. Defendant was indicted for aggravated rape of a juvenile occurring on or between September 1, 2000 and March 13, 2003. The indictment indicates that defendant’s date of birth is May 25, 1985; however, defendant’s birth certificate shows that defendant’s date of birth is May 25, 1986. As such, defendant was only fourteen years old when he allegedly committed the offenses from September 1, 2000 until May 25, 2001. Therefore, the district court did not have jurisdiction over the offenses occurring during this time period. La.Ch.C. art. 305.
Additionally, the State was not prejudiced by the granting of the motion to quash because it has two options available to it. First, the State can reinstitute prosecution by obtaining a new grand jury indictment, whereby it could present the date of occurrence as on or between May 25, 2001 and March 13, 2003, the period of time after defendant became fifteen years old. Or, the State could file a delinquency petition in juvenile court and conduct a hearing to determine whether defendant should be transferred to district court pursuant to La.Ch.C. art. 857.
The State cites State v. Taylor, 525 So.2d 1118, 1119-1121 (La.App. 5 Cir.1988), writ denied, 536 So.2d 1212 (La.1989), and Brockel, supra, to support its position that the trial court erred by not allowing it to amend the indictment. However, Taylor and Brockel are distinguishable and, therefore, inapplicable to the instant case. In Taylor and Brockel, the district courts had jurisdiction when they allowed the State to amend the indictments, unlike here, where the district court did not have jurisdiction when the State moved to amend the indictment, at least over some of the offenses.
We distinguish the recent case of State v. Havis, 03-2490 (La.4/30/04), 874 So.2d 153. In that case, the defendant was charged in the district court for Terrebonne Parish with aggravated rape of a *619 child under the age of 12, allegedly | n committed when the defendant was 14 years old. At the time he was arrested and indicted, the defendant was 21 years old. He moved to quash the indictment on the ground the state had treated him according to his age at the time of his arrest, rather than his age at the time of commission of the offense. The district court denied the motion to quash, the court of appeal denied review, and the supreme court affirmed the judgment of the trial court.
The supreme court concluded that as a general rule the state may not bypass the transfer provisions of the Children’s Code, and the juvenile court’s exercise of its informed discretion, by instituting prosecution of a juvenile offender who was 14 years old at the commission of the offense directly in a district court exercising criminal jurisdiction. Under the circumstances of the case, however, the court found that the district court properly assumed criminal jurisdiction over the case' at the outset. Because Terrebonne Parish does not have special juvenile courts exercising exclusive original juvenile jurisdiction, the district attorney could have proceeded by charging the relator as a delinquent and then asking the court, sitting as a court exercising original juvenile jurisdiction, to transfer the case to itself sitting as a court exercising criminal jurisdiction.
However, that procedure was no more than a matter of supererogation under present circumstances because the district court, in fact, possessed no discretion to retain original juvenile jurisdiction over the case. Because relator was over the age of 21 years when arrested, he was no longer a child for purposes of delinquency proceedings conducted in a court exercising original juvenile jurisdiction .... By virtue of relator’s age alone, clear and convincing proof exists in the present ease that “there is no substantial opportunity for [his] rehabilitation through facilities available to the [juvenile] court-” ... Moreover, the discretion of the court under La.Ch.C. art. 857(A) is not unfettered because its findings under the criteria spelled out in La.Ch.C. art. 862 are subject to summary review “by the appropriate court of appeal.” La.Ch.C. art. 863(B). Sitting as a court exercising.original juvenile jurisdiction, the district court would have |i2had no choice other than to transfer the present case to itself as a court exercising original criminal jurisdiction even if the state had initiated juvenile proceedings at the outset by filing a petition to have relator adjudicated delinquent. The same result necessarily would have followed if the state had initiated juvenile delinquency proceedings in the city Courts of Houma, Louisiana, and then filed a motion to transfer the case into the 32nd Judicial District Court exercising criminal jurisdiction ....
■ The state acknowledged below that although it has charged relator with an offense carrying a sentence of death or life imprisonment at hard labor, it may not incarcerate him beyond his 31st birthday as a matter of the limit imposed by La.Ch.C. art. 857(B) for cases which have been transferred under the authority of La.Ch.C. art. 857(A) to a court exercising criminal jurisdiction. Under these circumstances, the path taken by the state in this case, initiating criminal prosecution of relator in the district court, did not prejudice relator by depriving him of the opportunity for the court to retain original juvenile jurisdiction over the case in the exercise of its discretion, or by exposing him to greatly enlarged penalties than otherwise would have been applicable if this case had been initiated as a juvenile delinquency proceeding:
Because relator’s motion to quash challenged not the subject matter juris *620 diction of the district court but the procedural mechanism by which the state invoked the original criminal jurisdiction of that court under circumstances in which relator did not suffer actual prejudice, the court correctly denied the motion and asserted its jurisdiction over the case. The judgment below is therefore affirmed.
State v. Havis, 03-2490, pp. 4-6 (La.4/30/04), 874 So.2d 153, 155-156. In Havis, not only was there no separate juvenile court in the parish, but also the defendant was too old to benefit from juvenile court programs. In this case, however, there is a separate juvenile court in Jefferson Parish and defendant is under the age of 18, young enough for a juvenile court to determine whether he would benefit from “substantial opportunity for [his] rehabilitation through facilities available to the [juvenile] court....” La.Ch.C. art. 862(A)(2).
[ 1sFor the foregoing reasons, we affirm the judgment that granted defendant’s motion to quash the indictment.

AFFIRMED.

. As applicable here, La.R.S. 14:42 defines aggravated rape as a rape committed where the sexual intercourse is deemed to be without lawful consent of the victim because the victim is under the age of thirteen years.

. The U.S. Supreme Court has held that the Eighth Amendment prohibits execution of a juvenile offender less than 16 years old at the time of the offense. Stanford v. Kentucky, 492 U.S. 361, 109 S.Ct. 2969, 106 L.Ed.2d 306 (1989).

. La.Ch.C. art. 862 states:
A.In order for a motion to transfer a child to be granted, the burden shall be upon the state to prove all of the following:
(1) Probable cause exists that the child meets the requirements of Article 857.
(2) By clear and convincing proof, there is no substantial opportunity for the child’s rehabilitation through facilities available to the court, based upon the following criteria:
(a) The age, maturity, both mental and physical, and sophistication of the child.
(b) The nature and seriousness of the alleged offense to the community and whether the protection of the community requires transfer.
(c) The child’s prior acts of delinquency, if any, and their nature and seriousness.
(d) Past efforts at rehabilitation and treatment, if any, and the child's response.
(e) Whether the child’s behavior might be related to physical or mental problems.
(f) Techniques, programs, personnel, and facilities available to the juvenile court which might be competent to deal with the child’s particular problems. .
B. The court shall state for the record its reasons for judgment.
C. (1) The court shall transmit the order rendered after the hearing or a certified copy thereof, without delay, to the clerk of court having jurisdiction of the offense.
(2) Any party may request the court to provide a complete or partial transcript of the testimony of the witnesses; however, neither the record of the hearing nor the reasons for the transfer shall be admissible in evidence in any subsequent criminal proceedings, except for the purpose of impeachment of a witness.